■ In the Matter of ROLAND J. RUSSELL, Individually and as President of the New York State Parkway Police Benevolent Association of Long Island, Inc., and as President of Local 1793 of Council 82 of the American Federation of State, County and Municipal Employees, Appellant, v A. HOLLY PATTERSON, as Chairman of the Long Island State Parks and Recreation Commission, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to recognize the right of members of a union local to be represented by the law firm of Richard Hartman in "Step 3" of grievance proceedings arising out of a collective bargaining agreement entered into between the parent union and the State of New York, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated April 12, 1976, which denied the application and dismissed the petition. Judgment affirmed, with $50 costs and disbursements to respondent Council 82. In the absence of an allegation of fraud or of other impropriety undermining the caliber of representation afforded members of Local 1793 in grievance proceedings with the employer unit, they are without authority to retain outside counsel to represent them, collectively or

individually, in grievance proceedings without the assent of the parent union. Council 82 is the duly elected and certified "exclusive representative" of the "employee organization" of which Local 1793 is a part "for the purpose of collective negotiations and the settlement of grievances", and, as such, is the only party authorized by the contract to pursue a grievance to "Step 3". Under these circumstances, to permit a given local or employee to retain outside counsel to act at a "Step 3" grievance proceeding would not only do violence to the contract language, but would undermine the exclusivity of representation which is the purpose of PERB certification and a cornerstone of the Taylor Law's approach to the normalization of labor relations between public employers and employees (see Civil Service Law, art 14, esp §§ 206–208; cf. *Civil Serv. Forum v New York City Tr. Auth.*, 4 AD2d 117, 125, 127, affd 4 NY2d 866). Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.