■ HENRY J. ROGES, Appellant, v UNIFORM SERVICES, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for (1) wrongful termination of employment and (2) libel and slander, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered August 4, 1977, which granted defendants' motion to dismiss the complaint on the ground

that it was barred by arbitration and award (CPLR 3211, subd [a], par 5). Order modified, by adding to the decretal paragraph thereof, after the word granted, the following: "as to the first four causes of action and denied as to the remaining causes of action." As so modified, order affirmed, with $50 costs and disbursements to plaintiff-appellant. "It is settled law that the doctrine of res judicata is applicable to issues resolved by earlier arbitration * * * Where, however, an issue not passed upon by the arbitrators is the subject of a later action, obviously the award is not a bar to that action" (Rembrandt Ind. v Hodges Int., 38 NY2d 502, 504). It is clear from the arbitrator's decision in the record before us that "termination of employment" was the issue before the arbitrator and that the arbitration award was the result of an agreement respecting such termination. That issue may not be further litigated. Equally clear is the absence of any mention of libel and slander, either explicitly or indirectly. We will not presume, therefore, that the issue was before the arbitrator. Accordingly, we reinstate those 10 causes of action (fifth through fourteenth, inclusive), without prejudice to the assertion of the defense of Statute of Limitations in the answer in order that such defense may be preserved for trial. We do not dismiss upon that ground because of the requisite of notice, however evident the defense may be. Mollen, P. J., Suozzi, Cohalan and Hawkins, JJ., concur.