■ GEORGE LESSLER, Appellant, v SUFFOLK CHAPTER CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents.—In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered August 30, 1977, which (1) granted the cross motion of the respondent County of Suffolk "to dismiss and to dismiss because of objections in point of law and for summary judgment" and (2) dismissed the petition. Judgment affirmed, without costs or disbursements. In our opinion, the allegations made by petitioner do not amount to a showing of "fraud or of other impropriety undermining the caliber of representation afforded members" of the Deputy Sheriffs' unit in the pending arbitration (see *Matter of Russell v Patterson,* 55 AD2d 619; see, also, *Matter of Jacobs v Board of Educ.,* 64 AD2d 148). Further, it is apparent that petitioner's problems stem from the composition of the bargaining unit. The Deputy Sheriffs' efforts in other proceedings, and before another forum (the Suffolk County Public Employment Relations Board) to obtain decertification from the Suffolk Chapter of the Civil Service Employees Association and to certify the Suffolk County Deputy Sheriffs' Benevolent Association, have been unsuccessful to date. The present proceeding to stay arbitration is not the vehicle to relitigate, review or undermine determinations of the Public Employment Relations Board which are adverse to petitioner. Mollen, P. J., Titone, Rabin and Gulotta, JJ., concur.

■ HERBERT LEVINE et al., Respondents, v MARION FINE et al., Appellants, et al., Defendant. MARION FINE et al., Petitioners, v HERBERT LEVINE et al., Respondents.—Appeal by defendants Fine, Katzman and Weinstein from so much of an order of the Supreme Court, Nassau County, dated October 3, 1977, as disqualified attorney Leo Katzman from representing any of the parties to this litigation. Order affirmed insofar as appealed from, with $50 costs and disbursements. Appellants erroneously contend that there is no proper record upon which to base a review of the trial court's determination disqualifying attorney Leo Katzman from representing any of the parties to the instant litigation. On the contrary, the facts upon which the trial court relied were set out at length in the record. In the circumstances presented, the court's determination was not an abuse of discretion. Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.