■    FRANCIS NIKIEL et al., Appellants, v CITY OF BUFFALO et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiffs are building inspectors employed by the defendant City of Buffalo. On May 2, 1977 the defendant city posted a notice for two positions of "Rehabilitation Construction Analyst" in the Department of Community Development. These positions are covered by the collective bargaining agreement between the city and the defendant union, Local 2651, American Federation of State, County and Municipal Employees. Although not members of this union, plaintiffs are subject to the terms of the agreement and under the agency shop rule pay union dues. The collective bargaining agreement provided that those jobs would be filled from a civil service list and in the absence of a list, by seniority of those employees applying for the new positions. No list existed for the positions and so plaintiffs applied for them. By virtue of seniority among those who applied, plaintiffs claim that they should have been appointed to the positions. Instead, the plaintiffs learned in December, 1977 that the positions were filled by persons with less seniority than they had and, therefore, they promptly filed a grievance. At the lower level of the grievance procedure the city refused to recognize plaintiffs' claims to these positions, and the grievances were scheduled for arbitration, as provided for in the agreement. Shortly before the scheduled arbitration the union canceled it and refused to pursue the grievance, giving as its reason that the plaintiffs' allegations were malicious and had asserted bad faith on the part of the union. Plaintiffs have no internal union remedies available to them and they initiated the instant action in July, 1978. Special Term improperly granted defendants' motions to dismiss, suggesting that they abide by the grievance procedures of the agreement. Construing the plaintiffs' complaint liberally, it alleges viable causes of action against both the union and the city (Wingenbach v Mushroom Transp. Co., 51 AD2d 855). Under the collective bargaining agreement the earlier steps of the grievance procedure may be prosecuted by the employee and/or the union. Plaintiffs timely but unsuccessfully initiated the grievance at these lower levels (Republic Steel v Maddox, 379 US 650). However, arbitration which is provided for at step No. 4 may only be requested by the union. It is its refusal to do so of which plaintiffs complain. The union's refusal here fits precisely into an established category which permits an employee to seek judicial enforcement of his or her contractual rights. Where the union has sole power to invoke the higher stages of the grievance procedure and the employee plaintiff has been prevented from exhausting his remedies under the contract by the union's wrongful refusal to process the grievance, an action will lie against the union for the breach of its duty of fair representation (Vaca v Sipes, 386 US 171, 185-186). The employer city is also properly a defendant in the

action even though it may have done nothing to prevent plaintiffs from proceeding to arbitration, provided plaintiffs allege that the defendant union breached its duty of fair representation in handling plaintiffs' grievances. The reason is because the city, as employer, may have wrongfully refused to appoint plaintiffs to these positions in breach of the collective bargaining agreement, which breach, if any, could be remedied through the grievance procedures were it not for the union's wrongful refusal to pursue it (*Vaca v Sipes, supra,* p 186). Under the facts alleged here plaintiffs have stated a cause of action against both defendants. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.