■ Terrence O'Riordan et al., Appellants, v Suffolk Chapter, Local No. 852, Civil Service Employees Association, Inc., et al., Respondents. — In an action, *inter alia,* to reform a collective bargaining agreement, plaintiffs appeal from an order of the Supreme Court, Suffolk County (De Luca, J.), dated October 22, 1981, which granted defendants' motion to dismiss the complaint on the ground that the issues had previously been decided by arbitration and award. Order reversed, without costs or disbursements, motion denied and complaint reinstated. Contrary to Special Term's determination, plaintiffs' action is not barred by the cited awards in arbitration (see CPLR 3211, subd [a], par 5). While the doctrines of *res judicata* and collateral estoppel apply to awards in arbitration as they do to judicial proceedings (*Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-190; *Rembrandt Ind. v Hodges Int.,* 38 NY2d 502, 504), such doctrines are not available to bar plaintiffs' action. The arbitration proceedings asserted as controlling

and the instant action, do not have the requisite identity of parties and identity of issues (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 70-71; *Israel v Wood Dolson Co.,* 1 NY2d 116, 118-119). Not only were plaintiffs not parties to the arbitration proceeding but, unlike the grievance underlying the arbitration proceeding, i.e., that the county had violated the collective bargaining agreement, plaintiffs' action is for reformation of the agreement on the ground that the defendant Civil Service Employees Association breached its duty of fair representation in negotiating the agreement. In fact, plaintiffs do not charge a violation of the collective bargaining agreement. Accordingly, inasmuch as the arbitrators did not pass upon the question now raised by plaintiffs, the awards in arbitration do not bar this action (cf. *Roges v Uniform Servs.,* 60 AD2d 882). We do not reach this result without first recognizing that plaintiffs have standing to bring this action. Inasmuch as they are directly affected by the collective bargaining agreement in question, they are necessarily aggrieved by the alleged discriminatory conduct of defendants in negotiating that agreement. Additionally, plaintiffs' claim against the association essentially is that it breached its duty of fair representation. Under such circumstances, plaintiffs may properly maintain this action in their own behalf (cf. *Nikiel v City of Buffalo,* 75 AD2d 1017; *Matter of Russell v Patterson,* 55 AD2d 619). Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.