■ MAC ORGANIZATION, INC., Respondent, v DUBLIN COMPANY, Appellant. — In an action for a declaratory judgment and injunctive relief, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated August 5, 1981, as denied its motion for summary judgment on the grounds of *res judicata* and collateral estoppel. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and defendant's motion for summary judgment is granted on the ground of *res judicata*. The parties, plaintiff as contractor and defendant as subcontractor, entered into a contract on or about December 11, 1974, under which defendant was to install the heating and plumbing systems in an apartment project which plaintiff was constructing in Florida. Plaintiff is a New York corporation and defendant is incorporated in Florida; the contract was entered into in New York. The contract has been described as a "cost-plus" contract, pursuant to which plaintiff agreed to reimburse defendant for certain costs of its work, including under paragraph 4 (cl [e], sub cls [5], [6]) of the rider: "(5) Cost of all materials, supplies and equipment incorporated in the Work, including costs of transportation thereof. (6) Payments made by the Subcontractor to his Subcontractors for Work performed". These reimbursable

costs included a "fixed fee" to defendant of $200,000. The contract also provided that disputes were to be settled by arbitration. Eventually a dispute arose between the parties concerning the amounts to be paid by plaintiff to defendant, and the disagreement was submitted to arbitration in Florida. It is not clear from the record whether minutes were taken of the arbitration proceedings, but, if they were, they have not been transcribed. At the conclusion of the hearing both parties submitted posthearing memoranda. Plaintiff, in its memorandum, specifically directed the arbitration panel's attention to segments of paragraph 4, the reimbursement section, and additionally submitted a "Requested form of Award". This suggested award provided, in part, that to the extent defendant should pay its creditors less than an audit showed was actually owing, plaintiff would be given credit for such amounts against the total amount of the award. The arbitration panel found that an amount in excess of $500,000 was due defendant from plaintiff. It made no provision for the type of credit suggested above. Plaintiff then moved to have the arbitrators modify or clarify the award. This motion, partly based upon paragraph 4, requested an adjustment for the same reasons as discussed in plaintiff's posthearing memorandum, and asserted that otherwise defendant would receive an undue benefit. The award was thereafter modified on a minor point, not having to do with any of the substantive claims raised in plaintiff's motion. Defendant moved to confirm the award in the Florida Circuit Court and plaintiff cross-moved to vacate, modify or correct the award on essentially the same grounds asserted in both its posthearing memorandum and posthearing motion. A hearing was held on the matter, and the court confirmed the award, stating that it would not allow plaintiff to "re-litigate" the issue, although it provided in its order for certain additional protection to plaintiff by withholding execution on a certain part of the award until "proof of payment, and/or Release of Lien and/or bonding of such claim by a surety" could be shown. Plaintiff appealed from the order of confirmation, and the arguments in its brief to the Florida District Court of Appeal were, again, essentially the same as had already been presented to the arbitration panel and to the Circuit Court. The Florida District Court of Appeal affirmed. Before its decision had been handed down, however, plaintiff commenced the present action for declaratory and injunctive relief. The grounds for relief alleged in its complaint are no different from the arguments it has made at length in Florida, including the assertion that, should defendant satisfy the claims of its creditors for amounts less than originally claimed, the amount found due and owing from plaintiff should likewise be reduced. Plaintiff moved to strike defendant's answer because of its failure to appear for a deposition. Defendant cross-moved for summary judgment on several grounds, two of which, lack of personal jurisdiction and *forum non conveniens,* were rejected by a court-appointed referee on April 7, 1981 (De Matteo, R.). By order dated August 5, 1981 (Aronin, J.), the court denied plaintiff's motion to strike the answer and defendant's cross motion for summary judgment on the grounds of *res judicata* and collateral estoppel. With respect to defendant's cross motion, the court determined that it could not decide the applicability of either doctrine without first reviewing the minutes of the Florida arbitration proceeding. We disagree. The record is clear that plaintiff did, in fact, present these claims under the contract both at arbitration and in the proceeding to confirm the award; the action here is therefore barred by *res judicata,* which is applicable to issues raised at arbitration (see *Rembrandt Inds. v Hodges Int.,* 38 NY2d 502, 504; *Roges v Uniform Servs.,* 60 AD2d 882, 883). "[O]nce a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again" (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d

481, 485; see, also, *Matter of Reilly v Reid,* 45 NY2d 24, 28-29). Plaintiff has had a "full and fair opportunity" to present its interpretation of its rights under the contract and cannot be allowed to relitigate the issue here. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.