■ YURI RADZIEVSKY, Respondent, v MACMILLAN, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 12, 1990, denying defendant's motion to permanently stay arbitration pursuant to CPLR 7501 and 7503, unanimously affirmed, with costs.

Plaintiff demanded arbitration of defendant Macmillan's alleged breach of an employment contract, which provided, in part, "that if a dispute arises hereunder regarding any decision by the [defendant] to terminate this Agreement for Just Cause, such disagreement shall be determined in an arbitration proceeding". Soon after demanding arbitration, plaintiff commenced an action against defendants, Maxwell Communication Corporation and Robert Maxwell, alleging that they had fraudulently conspired to induce plaintiff to enter into the employment contract, so as to prevent plaintiff from competing with the business of the defendants.

While an election to litigate arbitrable issues constitutes a waiver of the right to arbitrate those issues *(Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272), the claims asserted in this action are entirely separate from those raised in the arbitration proceeding, and distinct remedies are sought in each proceeding. In arbitration, plaintiff seeks compensation allegedly due under the employment agreement; in the present action, plaintiff seeks damages for loss of business opportunities allegedly foregone based on the purportedly false representations of the defendants. Under these circumstances, no waiver of arbitration may be implied *(Sherrill v Grayco Bldrs., supra; Denihan v Denihan,* 34 NY2d 307, 310). Moreover, the claims raised in the action are beyond the scope of the arbitration clause, and consequently not arbitrable *(see, Bowmer v Bowmer,* 50 NY2d 288, 293-294). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.