# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1012**
**CA 15-00402**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN
MONROE COUNTY AND MONROE COUNTY SHERIFF'S
OFFICE, PETITIONERS-RESPONDENTS-APPELLANTS,

AND                                         MEMORANDUM AND ORDER

MONROE COUNTY LAW ENFORCEMENT ASSOCIATION,
RESPONDENT-PETITIONER-RESPONDENT.
(APPEAL NO. 2.)

---

HARRIS BEACH, PLLC, PITTSFORD (EDWARD TREVVETT OF COUNSEL), FOR
PETITIONERS-RESPONDENTS-APPELLANTS.

BLITMAN & KING LLP, ROCHESTER (BRIAN J. LACLAIR OF COUNSEL), FOR
RESPONDENT-PETITIONER-RESPONDENT.

---------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (W. Patrick Falvey, A.J.), entered May 1, 2014. The judgment denied the petition to stay arbitration and granted the cross petition to compel arbitration.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners-respondents (petitioners) employ, in the Court Security Bureau, persons in the positions of Deputy Sheriff Court Security Sergeant (Sergeants) and Deputy Sheriff Court Security Deputy (Deputies). Petitioners and respondent-petitioner, Monroe County Law Enforcement Association (Union), are parties to a collective bargaining agreement (CBA) that, inter alia, sets forth the terms and conditions of employment for the Deputies and Sergeants.

A dispute arose concerning the compensation owed to Sergeants and Deputies for their required attendance at roll call briefings. In 2010, 13 current or former Sergeants and Deputies commenced an action against petitioners in the United States District Court for the Western District of New York (*Crespo v County of Monroe, New York*, 2015 WL 2406112 [WD NY]), alleging, inter alia, that petitioners violated the Fair Labor Standards Act ([FLSA] 29 USC § 201 *et seq.*) in compensating them for attending or conducting roll call briefings. Thereafter, in 2013, the Union filed a grievance alleging that petitioners violated the CBA provisions governing compensation for roll call briefings. After petitioners denied the grievance through the stages provided in the CBA, the Union demanded arbitration.

Supreme Court properly denied the petition to stay arbitration and granted the Union's cross petition to compel arbitration. Contrary to petitioners' contention, the Union did not waive its right to arbitrate its grievance under the CBA when certain of its members commenced an action in federal court under the FLSA (*see Barrentine v Arkansas-Best Frgt. Sys., Inc.*, 450 US 728, 745-746; *see generally Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272-273).  "[T]he claims asserted in [the federal] action are entirely separate from those raised in the arbitration proceeding, and distinct remedies are sought in each" (*Radzievsky v Macmillan, Inc.*, 170 AD2d 400, 400).  The Union, moreover, is not a party to the federal action, which seeks enforcement of the plaintiffs' rights as individual employees protected by the FLSA rather than as Union members subject to the CBA (*see Barrentine*, 450 US at 745-746; *Polanco v Brookdale Hosp. Med. Ctr.*, 819 F Supp 2d 129, 133 [ED NY]).

Contrary to petitioners' further contention, arbitration is not barred by res judicata inasmuch as there is no identity of parties or issues (*see Tuper v Tuper*, 34 AD3d 1280, 1281; *O'Riordan v Suffolk Ch., Local No. 852*, *Civ. Serv. Empls. Assn.*, 89 AD2d 558, 558-559, *appeal dismissed* 57 NY2d 956), nor in any event has there been a final determination in the federal action (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13; *Matter of LaSonde v Seabrook*, 89 AD3d 132, 140, *lv denied* 18 NY3d 911).

Entered:  October 9, 2015                        Frances E. Cafarell
                                                 Clerk of the Court