*504 Memorandum. The Appellate Division was eminently correct in denying the motion to dismiss the complaint. On the demand for arbitration and the ensuing award, together with the intermediate correspondence, it is entirely unclear whether the arbitrators determined the merits of the plaintiff buyer’s claim for breach of warranty. True, by letter sent before the hearing, the arbitrators "unanimously ruled not to admit [buyer’s] counterclaim as a part of this arbitration proceeding”. Despite this "exclusion”, however, testimony supporting the counterclaim seems to have been offered at the arbitration hearing.
In such circumstances, the Appellate Division justly exercised its discretion in allowing defendant seller to plead the defense of res judicata. Under that defense, seller will be allowed to show, if it can, that the arbitrators’ award did determine the merits of the warranty claim.
It is settled law that the doctrine of res judicata is applicable to issues resolved by earlier arbitration (see, e.g., 23 Carmody-Wait, 2d, NY Practice, Arbitration, § 141:151, p 80, and cases cited). Where, however, an issue not passed upon by the arbitrators is the subject of a later action, obviously the award is not a bar to that action (p 85, and cases cited; cf. Matter of Spring Cotton Mills [Buster Boy Suit Co.], 275 App Div 196, 199-200, affd 300 NY 586; Matter of Weinberger [Friedman], 41 AD2d 620). The scope of the award and, therefore, its res judicata effect, is an issue properly determinable by the court and not the arbitrators (see Matter of Spring Cotton Mills [Buster Boy Suit Co.], supra; Matter of Weinberger [Friedman], supra; 23 Carmody-Wait, 2d, op. cit, 1975 Supp, at p 9).
Either a judgment or an award in arbitration may be explored through parol evidence to discover its scope and therefore its res judicata effect (see Ripley v Storer, 309 NY 506, 518-519 [judgments]; Aetna Cas. & Sur. Co. v American Sur. Co. of N. Y., 64 F2d 577, 581, and cases cited; 6 CJS, Arbitration, § 176, p 449, n 31; cf. Butler v The Mayor, 7 Hill 329, 330-331, 334 [arbitration awards]). As was said in the Aetna case (supra, at p 581), a case involving the scope of the res judicata effect to be given to an arbitration award: "when the record leaves the matter in doubt, parol evidence not inconsistent with the award may be introduced to show what was litigated before the arbitrator and what was determined by his decision.”
*505 Thus, the Appellate Division, in the exercise of its discretion, permitted seller to interpose an affirmative defense of res judicata, and, in light of the ambiguous record, properly denied buyer’s motion to dismiss the complaint. The exercise of discretion in allowing the pleading of the affirmative defense should not be disturbed. The Appellate Division holding as a matter of law may not be overturned upon a ground which leaves to the arbitrators unbridled bootstrap authority to determine the scope of its own award, contrary to settled principles of law.
The order of the Appellate Division should be affirmed, with costs, and the question certified should be answered in the affirmative.