■ In the Matter of the Arbitration between CONFORTI & EISELE, INC., Appellant, and WILLIAM J. SCULLY, INC., Respondent. — Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered January 26, 1983, denying the application to stay arbitration and granting respondent's cross

motion directing the parties to proceed to arbitration, unanimously affirmed, without costs or disbursements. The appeal from the decision, denominated an order in the notice of appeal (same court), entered November 30, 1982, is dismissed as nonappealable, without costs or disbursements. On August 18, 1979, respondent, a subcontractor, demanded arbitration as against appellant, the general contractor, for the "[b]alance due under subcontract and additional costs incurred in connection therewith" in the total sum of $400,000. Previously, on March 28, 1977, respondent had demanded arbitration to recover escalation and comeback time, which proceeding resulted in an award to respondent of $44,760. In seeking to stay arbitration, appellant argued that *res judicata* and/or collateral estoppel operated as a bar as a result of the first arbitration proceeding between the parties. Special Term, in denying the application, held that the issue of *res judicata* was to be determined by the arbitrator. To the contrary, the threshold issue of whether a claim sought to be arbitrated is barred under the doctrine of *res judicata* or collateral estoppel by reason of the conduct of a prior arbitration proceeding between the parties is a matter to be determined by the court, not the arbitrator (see *Rembrandt Inds. v Hodges Int.,* 38 NY2d 502; *Firedoor Corp. v MacFarland Bldrs.,* 79 AD2d 356). Since the first arbitration award arose out of a limited submission that clearly did not embrace most of the claims now sought to be arbitrated, and the remainder of the claims now sought to be arbitrated were specifically withdrawn by the respondent during the first arbitration, with the apparent approval of the arbitrator, neither *res judicata* nor collateral estoppel here operates as a bar. Petitioner's appeal from the memorandum decision of Special Term is improper since an appeal may only be taken from a judgment or order (CPLR 5512, subd [a]). No appeal lies from a decision (*Matter of Lieberman v Lieberman,* 51 AD2d 745; *Allison v Roslyn Plaza,* 58 AD2d 820). Concur — Murphy, P. J., Sandler, Silverman, Fein and Kassal, JJ.