■ In the Matter of the Arbitration between BOARD OF EDUCATION, FLORIDA UNION FREE SCHOOL DISTRICT, Respondent, and FLORIDA TEACHERS ASSOCIATION et al., Appellants. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Orange County (Green, J.), dated May 5, 1982, which granted petitioner's application to stay arbitration.

Judgment reversed, on the law, without costs or disbursements, stay vacated, petition dismissed, and the parties are directed to proceed to arbitration.

In the instant proceeding, petitioner seeks to stay arbitration of a grievance relating to the denial of tenure to a certain teacher on the ground that a prior arbitration regarding the same teacher's termination should have a *res judicata* effect on the instant grievance. The instant grievance asserts different grounds for relief from those asserted in the prior arbitration, i.e., procedural improprieties in the denial of tenure.

A grievance regarding procedural improprieties in the denial of tenure to a teacher is within the scope of the arbitration clause of the collective bargaining agreement, and arbitration of such a dispute is not against the public policy of the State. After addressing these threshold questions, any further judicial inquiry is foreclosed in seeking a stay of arbitration, and all

remaining issues, including the *res judicata* effect of the prior award, are within the exclusive province of the arbitrator to resolve (*Board of Educ. v Patchogue-Medford Congress of Teachers,* 48 NY2d 812; see CPLR 7503, subd [b]).

Petitioner's other contentions have been considered and have been found to be without merit. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.