■ MARCELLUS VILCEUS, Respondent, v NORTH RIVER INSURANCE COMPANY, Appellant.—In a proceeding to confirm an arbitration award pursuant to CPLR 7510, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated June 29, 1988, which granted the petition.

Ordered that the judgment is affirmed, with costs.

While an aggrieved party has only 90 days within which to move to vacate or modify an arbitration award (CPLR 7511 [a]), such a party may elect not to make a motion and, instead, raise the objection when the successful claimant moves to confirm the award *(State Farm Mut. Auto. Ins. Co. v Fireman's*

*Fund Ins. Co.,* 121 AD2d 529; *Matter of Katz [Uvegi],* 18 Misc 2d 576, 583, *affd* 11 AD2d 773). A party participating in the arbitration proceeding, however, may oppose the application to confirm the award only upon the grounds enumerated for vacating or modifying arbitration awards (CPLR 7511 [b], [c]; *see, Home Ins. Co. v Country-Wide Ins. Co.,* 134 AD2d 570, 571; *Materia v Josephthal & Co.,* 133 AD2d 146; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7510.09). Inasmuch as the effect, if any, to be attributed to an earlier arbitration award in subsequent arbitration proceedings is a matter for the arbitrator's determination *(see, Matter of City School Dist. v Tonawanda Educ. Assn.,* 63 NY2d 846; *Board of Educ. v Patchogue-Medford Congress of Teachers,* 48 NY2d 812) and, in view of the fact that the doctrine of res judicata is not included as one of the grounds set forth in CPLR 7511 upon which the court may vacate or modify an arbitration award *(see, Matter of City School Dist. v Tonawanda Educ. Assn., supra),* the Supreme Court properly granted the petition.

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.