■ In the Matter of BIRCHWOOD MANAGEMENT CORP., Appellant, v LOCAL 670, STATIONARY ENGINEERS, RWDSU, AFL-CIO, Respondent.—In a proceeding for a stay of arbitration of a grievance, the petitioner appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 5, 1988, which denied the application.

Ordered that the order is affirmed, with costs.

The petitioner contends that a stay of arbitration is warranted on the ground that, as a result of a prior arbitration, there no longer exists any bona fide dispute to arbitrate. The petitioner further contends that the doctrine of res judicata is applicable, and the issues in the instant case were resolved in the earlier arbitration. We disagree. Where, as in this case, the grievance is within the scope of the broad arbitration clause in the collective bargaining agreement and the arbitration of the dispute would do no violence to the expressed public policy of the State, further judicial inquiry is foreclosed. Once this threshold inquiry is resolved, any remaining questions including the res judicata effect of the prior award are within the exclusive province of the arbitration forum to resolve (see, Board of Educ. v Patchogue-Medford Congress of Teachers, 48 NY2d 812; Vilceus v North Riv. Ins. Co., 150 AD2d 769; Matter of Board of Educ. [Florida Teachers Assn.], 104 AD2d 411).

We find no merit in the petitioner's contention that the demand for arbitration is in actuality a thinly disguised request for modification or vacatur of the prior award and that it is therefore barred on Statute of Limitations grounds (see, CPLR 7509, 7511). Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.