(May 7, 1991)

█ PROTOCOM DEVICES, INC., Respondent, v ANTONIO FI-

GUEROA, Doing Business as DESIGN EXPRESSIONS, Appellant.—Order and Judgment (one paper), Supreme Court, New York County (Burton S. Sherman, J.), entered on December 5, 1989, which granted petitioner's motion pursuant to CPLR 7503 to permanently stay the arbitration, and the Order of the same Court and same Justice, entered on February 21, 1990, which granted respondent's motion for reargument, and, upon reargument, adhered to the court's prior determination, unanimously affirmed, without costs.

The record reveals that although, on January 22, 1988, an arbitration award was rendered in favor of the respondent in the amount of $16,646.75 for professional interior decorating services rendered to the petitioner pursuant to a contractual agreement between the parties, respondent admittedly did not confirm that arbitration award within one year as required by CPLR 7510. Nevertheless, on June 6, 1989, respondent sought to commence a second arbitration based on the same claim.

The IAS court properly determined that the prior arbitration award in favor of the respondent, which was not confirmed within one year pursuant to CPLR 7510, nevertheless warranted a stay of the subsequent arbitration proceeding initiated by the respondent, premised upon the same claim.

Contrary to respondent's assertions, an arbitration award "rendered in compliance with all legal requirements is a complete, final and binding determination of a controversy which may not be disturbed, unless the statutory grounds for doing so exist" (*Matter of Springs Cotton Mills [Buster Boy Suit Co.]*, 275 App Div 196, 199, *affd* 300 NY 586; *see, Hilowitz v Hilowitz*, 85 AD2d 621; *see generally, Rembrandt Indus. v Hodges Intl.*, 38 NY2d 502). Concur—Murphy, P. J., Sullivan, Ross, Ellerin and Smith, JJ. *[See*, 144 Misc 2d 738.]