■ In the Matter of CINE-SOURCE, INC., et al., Respondents, v JONATHAN L. BURROWS, Appellant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered January 29, 1991, which granted petitioners' motion to permanently stay arbitration (CPLR 7503 [b]), unanimously reversed, on the law, without costs, the motion denied and the parties directed to proceed to arbitration.

Pursuant to a written agreement, respondent Burrows was employed by petitioners as associate producer of the film "Texasville" for which he was to receive weekly compensation for a minimum of 20 weeks and various other emoluments, including screen credit. After being so employed for only four weeks, respondent's services were terminated. Pursuant to the broad arbitration clause in his contract, respondent demanded arbitration of the issue of wrongful discharge from his employ-

ment and recovered an award which was confirmed by Supreme Court (Eve M. Preminger, J.) in a judgment dated April 3, 1990. The demand for arbitration served in that matter sought unpaid salary and airfare, together with expenses incurred in connection with the arbitration proceeding.

In a second demand for arbitration dated October 19, 1990, respondent sought an award: "In a sum equivalent to the actual damages sustained by Claimant by reason of not having been accorded credit on the film", together with the costs of arbitration. Petitioners instituted the instant proceeding to stay arbitration claiming that, under the doctrine of res judicata, the prior award and judgment operates as a bar to the present claim for screen credit. In support of their position, respondents submit a letter from the American Arbitration Association, pursuant to the rules of which the arbitration was conducted, which states, in material part: "This will further confirm that the Parties had until December 18, 1989 to submit additional testimony regarding the screen credit. No additional information was received." Respondent maintains that, while the arbitrator raised, *sua sponte,* the issue of screen credits and held the hearing open to afford respondent the opportunity to make a submission on this question, the issue was not argued or disposed of in arbitration. No record of the arbitration proceedings was made.

Whether or not a claim sought to be resolved in arbitration is barred by the doctrine of res judicata is a question to be determined by the court, not the arbitrator *(Matter of Conforti & Eisele v William J. Scully, Inc.,* 98 AD2d 646, *lv denied* 61 NY2d 606). While respondent seeks to avoid operation of New York law, we note that judgment on the award was entered in the Supreme Court of this State as a consequence of arbitration conducted in the City of New York pursuant to the agreement of the parties. The preclusive effect of a judgment in a proceeding instituted under the laws of this State is a matter of New York law *(see, Boorman v Deutsch,* 152 AD2d 48, *lv dismissed* 76 NY2d 889). Pursuant to our law, where the scope of a judgment entered upon an award in arbitration is not clear, " 'parol evidence not inconsistent with the award may be introduced to show what was litigated before the arbitrator and what was determined by his decision' " *(Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502, 504, quoting *Aetna Cas. & Sur. Co. v American Sur. Co.,* 64 F2d 557, 581).

Petitioners urge that respondent should be precluded from pursuing any claim with respect to screen credit in arbitration because this claim might have been asserted in the prior

arbitration proceeding and the arbitrator might have directed specific performance. They further maintain that, because the question of screen credit was specifically raised by the arbitrator, respondent should not be permitted to forgo the opportunity to pursue the matter at that time and reassert the claim in a later proceeding which, they contend, amounts to splitting his cause of action.

At the outset, it should be noted that petitioners do not dispute respondent's allegations that, at the time of the arbitration hearing, the movie had not yet been edited and that respondent did not learn that no screen credit would be received until the following August. It cannot be said, therefore, that respondent has split a cause of action. As the Court of Appeals noted, " 'The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts' " (Ripley v Storer, 309 NY 506, 518, quoting Secor v Sturgis, 16 NY 548, 558). Although respondent's claims arise under the same contract, the act comprising a breach of the screen credit provision had not yet occurred at the time of the hearing and, therefore, no cause of action for its breach had accrued.

Furthermore, petitioners' contention that res judicata applies not only to matters which were actually decided in arbitration but also to those which could have been asserted is simply not accurate. Unlike the courts, which derive their powers from the Constitution and jurisdiction over the parties and the subject matter, the authority of an arbitrator to decide a controversy is derived entirely from the consent of the parties. As a general rule, therefore, the arbitrator is limited to deciding only those questions submitted by the parties, unless it is apparent that they consented to a determination on additional matters (Matter of Priore v Schermerhorn, 237 NY 16). In the proceeding under consideration, it is by no means apparent that respondent consented to determination of the screen credit dispute. To the contrary, both he and petitioners seem to have declined the arbitrator's invitation to make a submission on that issue. Parties to an arbitration proceeding are barred by the doctrine of res judicata from relitigating only those matters which were actually contested and therefore determined by the award (see, Rembrandt Indus. v Hodges Intl., supra), including " 'all matters reasonably comprehended in the dispute submitted to the arbitrators' " (Firedoor Corp. v MacFarland Bldrs., 79 AD2d 356, 360,

quoting *Matter of Springs Cotton Mills [Buster Boy Suit Co.],* 275 App Div 196, 199). Where they seek to litigate an issue not determined by the arbitrator, the award is not a bar to subsequent proceedings *(Rembrandt Indus. v Hodges Intl., supra,* at 504). Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.