■ WILLIAM KATZ, Also Known as ZEV ZVI KATZ, Respondent, v PINCUS KAR, Also Known as PAUL KAR, Also Known as PINCHOS YITZCHOK KAR, Appellant. [597 NYS2d 135] —In an action to recover a sum of money allegedly due pursuant to an arbitration award, brought pursuant to CPLR 3213 as a motion for summary judgment in lieu of complaint, the defendant appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated February 26, 1991, as denied his cross motion to dismiss the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the action is dismissed.

On or about October 15, 1984, the plaintiff entrusted the defendant with diamonds with the understanding that the defendant would sell the diamonds and turn over the proceeds to the plaintiff. However, the defendant converted the diamonds to his own use. Thereafter, the plaintiff summoned the defendant to a Jewish Rabbinical Court, the Beth Din, for an "arbitration hearing". On December 31, 1984, after a full hearing over several days, the Beth Din determined that the defendant owed the plaintiff the value of the diamonds and made a monetary award to the plaintiff. However, this award was never confirmed. Nearly six years later, the plaintiff brought the instant action by notice of motion for summary judgment in lieu of a complaint, to collect the amount of the arbitration award. The defendant cross-moved to dismiss on the ground that the plaintiff's action was barred by the Statute of Limitations, res judicata, and collateral estoppel. Thereafter, the plaintiff withdrew his motion pursuant to CPLR 3213 and requested leave to serve a formal complaint, alleging breach of a bailment contract. The court denied the defendant's cross motion to dismiss, and granted the plaintiff's request for leave to serve a complaint.

We find that the plaintiff's action is barred pursuant to CPLR 3211 (a) (5), which states that a cause of action cannot be maintained where there has been a prior "arbitration and award" on the same claim. The plaintiff and defendant herein voluntarily submitted to the Beth Din. At the conclusion of the hearing, the Beth Din awarded the plaintiff the full value of the diamonds. Accordingly, since there has been an arbitration and award in this matter, the plaintiff is precluded from bringing a separate action based on the same claim (see,

*Protocom Devices v Figueroa,* 173 AD2d 177; *Maldonado v Nu Way Fuel Oil Burners,* 131 AD2d 735, 736). Further, this action, purportedly to recover damages for breach of a bailment contract, is, in fact, an action to recover damages for conversion. Consequently, the action is barred by the three-year Statute of Limitations, which has expired *(see,* CPLR 214 [4]; *Two Clinton Sq. Corp. v Friedler,* 91 AD2d 1193). Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.