■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v JOSE BONILLA, Appellant. [631 NYS2d 438] —In a proceeding to permanently stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Burke, J.), dated March 24, 1993, which granted the petition.

Ordered that the judgment is reversed, with costs, and the proceeding is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Two arguments were raised in the Supreme Court in connection with the petition to permanently stay arbitration. The first, raised by the petitioner, was that an earlier arbitration proceeding between the parties barred the instant proceeding. The second, raised by Jose Bonilla in his answer to the petition, is that the petition must be dismissed because the petitioner did not comply with CPLR 306-b (a).

Turning to the petitioner's argument, we find that no rational arbitrator could issue an award in the appellant's favor now, in light of the prior unimpeached arbitration award in Aetna's favor. We also find that Aetna agreed to submit to no more than one single arbitration relative to the one single injury claimed to have been caused by the one single uninsured motor vehicle involved in this case. Any successive

arbitration proceeding between the same parties, and concerning the identical circumstances as those reviewed in the prior arbitration would violate the parties' contract as well as principles of res judicata. Under these circumstances, the granting of a stay was proper *(see, Matter of Klein Assocs. v Goldenberg,* 183 AD2d 717; *Matter of Cine-Source, Inc. v Burrows,* 180 AD2d 592, 593; *Protocom Devices v Figueroa,* 173 AD2d 177; *Matter of Intercontinental Packaging Co. v China Natl. Cereals,* 159 AD2d 190; *Matter of Prudential Prop. & Cas. Ins. Co. v Green,* 146 AD2d 699; *Matter of David Assocs. [Bevona],* 109 AD2d 623; *City of Rochester v AFSCME, Local 1635,* 54 AD2d 257; *cf., Matter of City School Dist. v Tonawanda Educ. Assn.,* 63 NY2d 846; *Board of Educ. v Patchogue-Medford Congress of Teachers,* 48 NY2d 812, 813; *Matter of Board of Educ. [Florida Teachers Assn.],* 104 AD2d 411, *affd* 64 NY2d 822; *Vilceus v North Riv. Ins. Co.,* 150 AD2d 769). This is true even though the judgment confirming the prior award had been vacated for procedural reasons *(see, e.g., Katz v Kar,* 192 AD2d 695; *Protocom Devices v Figueroa, supra; County of Rockland v Aetna Cas. & Sur. Co.,* 129 AD2d 606; *Hilowitz v Hilowitz,* 85 AD2d 621; *cf., Matter of Allcity Ins. Co. [Vitucci],* 151 AD2d 430, *affd* 74 NY2d 879; *Gibe v Hajek,* 166 AD2d 502).

However, the judgment appealed from, in determining that the earlier arbitration award was entitled to preclusive effect, failed to address the parties' factual dispute with respect to dismissal of the petition for the petitioner's failure to comply with CPLR 306-b (a). Therefore, the judgment must be reversed and the matter remitted for further proceedings to determine whether the proceeding to stay arbitration was properly commenced. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.