■ In the Matter of PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, v PORT AUTHORITY POLICE SERGEANTS BENEVOLENT ASSOCIATION et al., Respondents. [639 NYS2d 808]

The IAS Court correctly relied on *Board of Educ. v Patchogue-Medford Congress of Teachers* (48 NY2d 812) in determining that the res judicata effect, if any, of an earlier administrative proceeding on the arbitration respondent now seeks is a matter for determination by the arbitrator (*see also, Matter of City School Dist. v Tonawanda Educ. Assn.*, 63 NY2d 846, 848). The IAS Court also correctly distinguished *Rembrandt Indus. v Hodges Intl.* (38 NY2d 502), pointing out that in that case the defendant did not seek to stay the action in favor of arbitration, but rather sought to dismiss the action as barred by the res judicata effect of a prior arbitration. To the extent that prior cases of this Court are to the contrary, holding that disputes otherwise arbitrable are not to be sent to arbitration unless the court first finds that a prior arbitration or administrative proceeding has no res judicata effect (*see, e.g., Matter of Conforti & Eisele [William J. Scully, Inc.]*, 98 AD2d 646, *lv denied* 61 NY2d 606; *Matter of Cine-Source, Inc. v Burrows*, 180 AD2d 592), we decline to follow them. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.