■ SHAHAR CASEY, Appellant, v COUNTRY-WIDE INSURANCE COMPANY, Respondent. [658 NYS2d 613] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered December 5, 1995, which granted respondent insurer's motion

to vacate an arbitration award of uninsured motorist benefits, and denied petitioner insured's motion to confirm such award, unanimously affirmed, without costs.

The parties proceeded to a first arbitration that resulted in an award of $3,000 in insured's favor that neither party ever moved to confirm. More than a year after that award was made, the insured demanded a second arbitration that the insurer sought to stay as barred by the res judicata effect of the first award, but the stay was denied on the ground that the application therefor was untimely. The second arbitration resulted in an award of $9,500 that the insured now seeks to confirm, and the insurer seeks to vacate on the ground that the arbitrator exceeded his power by not giving the first award res judicata effect. We find, as did the motion court, that the insurer is correct. The arbitrator exceeded his power by conducting a hearing and making an award "premised upon the same claim" that had resulted in a prior award, which, although never confirmed, was " 'complete, final and binding' " (*Protocom Devices v Figueroa*, 173 AD2d 177, 178). Consideration of the res judicata effect of the prior award was not foreclosed by the prior denial of the insurer's stay application, which was based only on the untimeliness of the application without any consideration given to the res judicata issue. Concur—Murphy, P. J., Milonas, Tom, Andrias and Colabella, JJ.