(July 10, 1997)

■ In the Matter of PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, v OFFICE OF CONTRACT ARBITRATOR, Respondent, and LOCAL 32B-32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Appellant. [660 NYS2d 408] —Order, Supreme Court, New York County (Edward Lehner, J.),

entered May 13, 1996, which granted petitioner Port Authority of New York and New Jersey's ("Port Authority") motion pursuant to CPLR 405 to cure a defect in the record, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered June 4, 1996, which granted the petition brought pursuant to CPLR 7503 to stay the arbitration pending before the Office of the Contract Arbitrator, unanimously reversed, on the law, without costs, and the petition denied.

In light of the fact that the Port Authority is a signatory to the 1993 Realty Advisory Board on Labor Relations, Inc. agreement with defendant, it is clear that a valid agreement to arbitrate exists between the parties. That agreement is broadly stated, i.e., "A Contract Arbitrator shall have the power to decide all differences arising between the parties as to interpretation, application or performance of any part of this agreement".

In this matter, respondent union sought arbitration pursuant to that agreement of a labor dispute involving certain security guards whom it represents and who are employees of an independent contractor, i.e., Burns Security Service, which has a contract with petitioner. Petitioner argues that these guards are not its employees and are not otherwise covered by the agreement to arbitrate that respondent seeks to invoke.

The coverage question thus raised by this matter necessitates interpretation of numerous and interlocking provisions of the agreement, including the contractual definitions of "employer" and "employee" and the scope of the clause dealing with subcontracting. Since this issue requires for its resolution the interpretation of several substantive provisions of the contract, it should be left to the arbitrator (*see, Matter of Board of Educ. v Watertown Educ. Assn.*, 74 NY2d 912, 913). Indeed, the question of whether an employee is covered by an agreement is generally a matter of contract interpretation for the arbitrator (*Matter of Board of Coop. Educ. Servs. v BOCES III Faculty Assn.*, 168 AD2d 616). Significantly, this conclusion is further supported by the language of the agreement itself (*see, First Options v Kaplan*, 514 US 938; *Matter of Smith Barney v Hause*, 238 AD2d 104), which reveals that the parties clearly stated that the arbitrator was to decide any questions regarding the contract's "application". Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.