■ Motor Vehicle Accident Indemnification Corporation, Respondent, v Travelers Insurance Company, Appellant. [667 NYS2d 741] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered August 20, 1996, which granted petitioner's motion to confirm a January 26, 1995 arbitration award directing respondent to reimburse petitioner for no-fault insurance benefits paid and corresponding expenses, unani-

mously reversed, on the law, without costs, and the petition to confirm the January 1995 award denied.

Petitioner Motor Vehicle Accident Indemnification Corporation (MVAIC) initiated an arbitration proceeding against respondent Travelers in September 1992 seeking reimbursement for no-fault benefits paid to an injured claimant. The arbitration hearing was scheduled for December 1, 1992 at Arbitration Forums Inc. (AFI), but only a representative of Travelers appeared. Based on the written submissions of both parties, the arbitration panel issued an award in favor of Travelers. A week later, MVAIC wrote a letter to AFI requesting that the award be vacated and a new hearing ordered because it had not received notice of the hearing. AFI rejected the request in February 1993, explaining that the notice sent to MVAIC was presumptively received and that the arbitration panel determined the merits of the case "in proper order."

In October 1994, nearly 20 months later, MVAIC commenced a second arbitration against Travelers on precisely the same claim. Neither Travelers nor AFI realized this, and Travelers appeared at a second arbitration hearing at AFI in January 1995. This time, the panel made the opposite ruling, in favor of MVAIC. On April 18, 1995, Travelers wrote AFI informing it that duplicate hearings were erroneously held, that the second award was null and void and that the first award should be declared valid. Both parties submitted arguments to AFI, with Travelers urging that the second award was barred by res judicata, and MVAIC asserting that the first award had no preclusive effect because it was never judicially confirmed. MVAIC further argued that the first award was defective because of improper notice, and because the panel applied an incorrect standard. In January 1996, AFI vacated the second award, determining that the duplicate claim was "erroneously processed", and that the applicable Insurance Department Regulations did not require confirmation of an arbitration award in order to give it binding effect.

Even before AFI rendered its decision, MVAIC commenced the instant proceeding under CPLR article 75 to confirm the second award. The parties repeated the arguments made to AFI, with MVAIC adding the contention that Travelers waived any objection to the second award by participating in the second arbitration proceeding. The IAS Court, although acknowledging that res judicata will bar a second arbitration proceeding between the same parties on the same issues, nevertheless granted the petition on the basis that such defense was precluded by Traveler's failure to move to stay the second

arbitration under CPLR 7503 (c), and by its participation therein. We reverse.

Based on the principle of res judicata, an arbitrator exceeds his power by conducting a hearing and making an award premised on the same claim as a prior award, which, unless vacated, is " 'complete, final and binding' " (*Protocom Devices v Figueroa*, 173 AD2d 177, 178). This is true even if the prior award was never judicially confirmed (*Casey v Country-Wide Ins. Co.*, 240 AD2d 232). As MVAIC never sought judicial vacatur of the first award pursuant to CPLR 7511, the award is final and binding and the second proceeding was simply void. Thus, Travelers' failure to seek a stay of the second proceeding (CPLR 7503 [c]), which clearly would have been appropriate (*Matter of Aetna Cas. & Sur. Co. v Bonilla*, 219 AD2d 708, 708-709), and its participation therein lack any legal effect. Given this conclusion, it is unnecessary for us to determine the propriety of AFI's vacatur of the second award. Concur—Ellerin, J. P., Nardelli, Wallach and Mazzarelli, JJ.