■ In the Matter of PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, v OFFICE OF THE CONTRACT ARBITRATOR et al., Respondents. [680 NYS2d 4] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered December 11, 1997, which denied petitioner building owner's application to vacate an arbitration award, granted respondent union's cross motion to confirm the award, and denied a second application by petitioner to stay another arbitration under the same agreement, and order, same court and Justice, entered June 12, 1998, which denied petitioner's motion to renew its motion to vacate the award on the ground of newly discovered evidence, unanimously affirmed, without costs.

Concerning the application to vacate the award, we held on a previous appeal involving the same parties and the same agreement "that a valid agreement to arbitrate exists between the parties" (*Matter of Port Auth. v Office of Contract Arbitrator,* 241 AD2d 353, 354). That holding collaterally estops petitioner from invoking *Matter of Matarasso (Continental Cas. Co.)* (56

NY2d 264) in an effort to avoid the CPLR 7503 (c) 20-day time limit for challenging the arbitrability of the particular disputes resolved in the award (*see generally, Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582-583). Nor does it avail petitioner to argue that the arbitrator exceeded his power by proceeding with the arbitration at a time when the IAS Court's order staying the prior arbitration was not yet reversed, it being settled that questions of claim preclusion are for the arbitrator (*see, Matter of Port Auth. v Port Auth. Police Sergeants Benevolent Assn.*, 225 AD2d 503, citing *Board of Educ. v Patchogue-Medford Congress of Teachers*, 48 NY2d 812). Also without merit is petitioner's contention that the award should be vacated based upon newly discovered evidence that the agreement was terminated before the arbitration was demanded, it being settled that newly discovered evidence is not a ground for challenging an arbitration award (*Matter of Migdal Plumbing & Heating Corp. [Dakar Developers]*, 232 AD2d 62, 64, *lv denied* 91 NY2d 808), and that the issue of whether an arbitration agreement has been terminated is for the arbitrator (*Matter of Cassone*, 63 NY2d 756, 758-759). Concerning petitioner's application to stay the third arbitration instituted by respondent, it was properly denied for the same reasons as the first (*Matter of Port Auth. v Office of Contract Arbitrator*, 241 AD2d 353, *supra*). Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.