■ In the Matter of the Arbitration between COUNTY OF JEFFERSON, Appellant, and JEFFERSON COUNTY DEPUTY SHERIFF'S ASSOCIATION, LOCAL 9100, COUNCIL 82, AFSCME, AFL-CIO, et al., Respondents. [695 NYS2d 841] —Order unanimously affirmed

without costs. Memorandum: A prior arbitration between the parties resulted in a finding that respondent Gary M. Belch, a Deputy Sheriff, was guilty of disciplinary charges. When a penalty heavier than that recommended by the arbitrator was imposed, respondents served demands for arbitration, alleging that the Sheriff had imposed the heavier penalty in retaliation for Belch's exercise of the right to arbitration.

Supreme Court erred in concluding that the petition to stay arbitration was untimely. It is undisputed that demands for arbitration were served on May 18 and 19, 1998, and that filing and service of the petition to stay arbitration was not completed until July 17, 1998; thus service of the petition exceeded the time limit provided in CPLR 7503 (c). Respondents, however, served the demands for arbitration on the Sheriff, who was neither a party to the collective bargaining agreement nor an individual designated to accept service on behalf of petitioner (*see,* CPLR 311 [a] [4]; 7503 [c]). That failure to comply with the service provisions of CPLR 7503 tolled the time limit for service of a petition to stay arbitration (*see, Matter of Initial Trends [Campus Outfitters],* 58 NY2d 896), and thus the petition to stay arbitration was timely.

We nevertheless conclude that petitioner is not entitled to a stay of arbitration and thus that the court properly denied the petition. Whether a dispute is covered by the parties' agreement is for the court to determine (*see, Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132, 138; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95). Petitioner contends that the Sheriff's decision to increase the penalty recommended by the arbitrator is not subject to further arbitration. We disagree. Here, the allegation of retaliation is covered under the agreement's definition of grievance, and the proper procedure to address a grievance is arbitration. It is for the arbitrator to determine whether this arbitration is barred by collateral estoppel or res judicata (*see, Matter of City School Dist. v Tonawanda Educ. Assn.,* 63 NY2d 846, 848). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Arbitration.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.