■ In the Matter of TOWN OF NEWBURGH, Respondent, v
CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. [707
NYS2d 225] —In a proceeding pursuant to CPLR 7503 to stay
arbitration, the appeal is from an order of the Supreme Court,
Orange County (Peter C. Patsalos, J.), dated April 20, 1999,
which granted the petition.

Ordered that the order is reversed, on the law, with costs,
the petition is denied, and the proceeding is dismissed on the
merits.

An earlier grievance and arbitration proceeding between the
parties resulted in an arbitration award dated December 4,
1999. That award upheld the termination of an employee of
the Town Highway Department based on his having tested
positive for marihuana. It did not, however, directly address
the question of whether, pursuant to the parties' collective
bargaining agreement, the employee could be suspended
without pay for more than 30 days pending disposition of the
disciplinary charges against him. The appellant union argues
that final resolution of the charges occurred upon the issuance
of the December 4, 1999, arbitration award, and therefore the
employee in question was wrongly suspended without pay for a
period of more than 30 days prior to the issuance of the award.
This assertion forms the basis of a second grievance for which
the appellant separately demanded arbitration.

We disagree with the petitioner's argument that arbitration
of the second grievance necessarily presents a risk of inconsis-
tent awards. It is not clear whether the claim advanced in the
second arbitration proceeding was in fact considered or resolved
by the arbitrator in the first proceeding. Under these circum-
stances, the correct rule to apply is that which holds that it is
for a successive arbitrator to decide what if any res judicata or
collateral estoppel effect is to be accorded to a prior arbitration
award (*see generally, Board of Educ. v Patchogue-Medford
Congress of Teachers,* 48 NY2d 812; *Matter of County of Jeffer-
son [Jefferson County Deputy Sheriff's Assn.],* 265 AD2d 802;
*Matter of City School Dist. v Tonawanda Educ. Assn.,* 63 NY2d
846; *Matter of Board of Educ. [Florida Teachers Assn.],* 104
AD2d 411, *affd* 64 NY2d 822; *Matter of Medina Power Co.
[Small Power Producers],* 241 AD2d 915; *Matter of Port Auth. v
Port Auth. Police Sergeants Benevolent Assn.,* 225 AD2d 503;
*cf., Matter of American Honda Motor Co. v Dennis,* 259 AD2d
613; *MVAIC v Travelers Ins. Co.,* 246 AD2d 420; *Matter of
Ulster Elec. Supply Co. v Local 1430, Intl. Bhd. of Elec. Work-*

ers, 253 AD2d 765; *Matter of Aetna Cas. & Sur. Co. v Bonilla,* 219 AD2d 708).

The alternative grounds advanced in the petition for a stay are without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.