■ In the Matter of the Arbitration between PINNACLE ENVIRONMENT SYSTEMS, INC., Appellant, and CANNON BUILDING OF TROY ASSOCIATES, Respondent. [760 NYS2d 253] —Kane, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered June 18, 2002 in Albany County, which, inter alia, granted respondent's cross application pursuant to CPLR 7511 to vacate an arbitration award.

The parties entered into a contract which provided for arbitration of any disputes. Petitioner demanded arbitration to receive payments to which it believed it was entitled. After

submission of the matter, the arbitrator issued an award and findings indicating that the work was not completed, the contract called for payment upon completion and, therefore, petitioner was not entitled to payment until it completed its performance under the contract. Petitioner's first motion to confirm this award was dismissed for procedural defects. Its second motion to confirm the award and for judgment upon it was denied because the work still had not been completed. Petitioner then served respondent with another demand for arbitration. After submission, a different arbitrator issued an award, with no findings, in favor of petitioner for the full amount in the contract. In this proceeding to confirm the second arbitration award, Supreme Court denied the motion and granted respondent's cross motion to vacate that award. Petitioner appeals.

Respondent contends that the second arbitration was barred by the doctrine of res judicata, as it involved the same parties and precisely the same issues. The doctrine of res judicata applies to arbitration awards (see Matter of Ranni [Ross], 58 NY2d 715, 717 [1982]), even awards not judicially confirmed (see McMenemy v Goord, 273 AD2d 665, 667 n [2000]; Protocom Devices v Figueroa, 173 AD2d 177, 178 [1991]). The scope of a prior award, thus its res judicata effect, should be determined by the court, not the arbitrator (see Rembrandt Indus. v Hodges Intl., 38 NY2d 502, 504 [1976]; Matter of Conforti & Eisele [William J. Scully, Inc.], 98 AD2d 646, 647 [1983], lv denied 61 NY2d 606 [1984]; but see Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn., 63 NY2d 846, 848 [1984] [arbitrator decides effect of prior arbitration involving different claimant bringing same claim]; Board of Educ. of Patchogue-Medford Union Free School Dist. v Patchogue-Medford Congress of Teachers, 48 NY2d 812, 813 [1979] [same]; Matter of Town of Newburgh v Civil Serv. Empls. Assn., 272 AD2d 405 [2000] [arbitrator decides prior arbitration award's effect where unclear if claim advanced was considered or resolved in first proceeding]). Here, respondent's affidavit in support of its cross motion, to which there was no response, recited the undisputed fact that petitioner had not performed any work on the contract since 1998 before the first arbitration. As the record does not indicate any new fact occurring between the two arbitrations, the second arbitrator exceeded her power by conducting a hearing and making an award on the same claim as the first arbitrator's award, which was binding (see Motor Veh. Acc. Indem. Corp. v Travelers Ins. Co., 246 AD2d 420, 422 [1998]). Therefore, Supreme Court properly vacated the award from the second arbitration (CPLR 7511 [b] [1] [iii]).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.