■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v JENNA REINHARDT, Respondent. [813 NYS2d 158]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 15, 2004, as denied that branch of its petition which was to permanently stay arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing and a new determination thereafter.

Jenna Reinhardt was injured in an automobile accident in August 2002. The next month, she notified her insurance company, New York Central Mutual Fire Insurance Company (hereinafter New York Central) of the accident and advised it of a possible uninsured/underinsured motorists claim. In February 2003 she sued the tortfeasor. In April 2004 she proceeded to arbitration with the tortfeasor's insurance company and discontinued her lawsuit.

After the arbitration, at which she was awarded $25,000, the limit of the tortfeasor's policy, she advised New York Central of the award and offered it an opportunity to pay her the award directly and thereby protect its subrogation rights. New York Central did not respond and instead disclaimed coverage because of Reinhardt's alleged violations of various policy conditions over the course of the matter. Reinhardt informed New York Central of her intention to seek arbitration of her right to benefits under the supplemental uninsured/underinsured motorists (hereinafter SUM) endorsement, and New York Central petitioned for a permanent stay of the arbitration under CPLR 7503 (c).

Reinhardt did not comply with the SUM endorsement requirement that she "immediately" forward the summons and complaint in her lawsuit against the tortfeasor to New York Central. Nonetheless, New York Central was required to show prejudice resulting from the 10-month delay (*see Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491, 496 [2002]; *State Farm Mut. Auto. Ins. Co. v Sparacio*, 297 AD2d 284, 285 [2002]). The Supreme Court properly found that New York Central failed to show prejudice.

Reinhardt did not violate the conditions of the policy when she discontinued her action against the tortfeasor and participated in binding arbitration. After the arbitrator issued his award against the tortfeasor, Reinhardt, in accordance with the SUM endorsement requirements, notified New York Central. There is no evidence in this record that New York Central acted to protect its rights within the time frame provided in the endorsement and in the letter notifying it of the arbitrator's award against the tortfeasor. Instead, New York Central disclaimed coverage. Because Reinhardt did not violate the SUM endorsement requirements when she discontinued her action against the tortfeasor and participated in binding arbitration, and because New York Central did not establish prejudice from the untimely forwarding of the summons and complaint, New York Central's disclaimer was unjustified. In any event, New York Central's seven-month delay in disclaiming coverage for

the late forwarding of process was unreasonable as a matter of law (*see Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439, 440 [2000]; *Matter of American Express Prop. Cas. Co. v Vinci,* 18 AD3d 655 [2005]).

Nevertheless, we remit the matter for a framed-issue hearing on whether Reinhardt is barred by collateral estoppel from seeking additional recovery under the SUM endorsement. The arbitration agreement provided that the maximum amount of the award would be $25,000, the limit of the tortfeasor's policy, but it also provided that this limitation would be confidential and would not be revealed to the appointed arbitrator "before, during or after the hearing." The arbitrator awarded exactly the maximum amount permitted. Under these circumstances, it is unclear whether Reinhardt sought to establish damages of a greater amount or withheld proof of the full extent of her injuries in light of the arbitrator's limited authority. It is also unclear whether, despite the agreement to keep the arbitrator in the dark about the so-called high/low agreement limiting recovery to $25,000, the arbitrator nonetheless was aware of it and conformed the award to this limitation.

We note that the arbitration award against the tortfeasor may be entitled to preclusive effect as to the amount of Reinhardt's damages even if that award was not confirmed and reduced to judgment (*see Matter of Aetna Cas. & Sur. Co. v Bonilla,* 219 AD2d 708, 709 [1995]; *Hilowitz v Hilowitz,* 85 AD2d 621 [1981]). Moreover, the issue of whether to grant preclusive effect to a particular arbitration award in a later arbitration is for the court, not the arbitrator (*see Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502, 504 [1976]; *Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658, 659 [1990]; *see e.g. Matter of American Honda Motor Co. v Dennis,* 259 AD2d 613 [1999]). Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.