■ FLUSHING PLUMBING SUPPLY CO., INC., Respondent, v F&T MANAGEMENT & PARKING CORP. et al., Appellants. [815 NYS2d 257]—

In an action to recover damages for breach of a commercial lease, etc., the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated November 9, 2005, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the doctrine of res judicata.

Ordered that the order is affirmed, with costs.

A fundamental concern underlying the doctrine of res judicata is fairness (*see Matter of Hodes v Axelrod,* 70 NY2d 364, 374 [1987]; *McMahan & Co. v Bass,* 255 AD2d 238 [1998]). In determining the fairness of applying the doctrine in a particular

case, a relevant question is whether the issues involved in the earlier litigation and those presented in the subsequent litigation are "so closely related in time, space, motivation, or origin, that treating them as a unit would have been convenient for trial and would have conformed to the parties' expectations" (*McMahan & Co. v Bass, supra* at 238). In this case, the Supreme Court properly found that the action for rent allegedly due under the court-extended portion of the lease was not barred by the doctrine of res judicata.

The earlier litigation dealt with the provisions of a right-of-first-refusal clause contained in a contract between the parties, and was commenced before there was any issue as to rents due. Additionally, the contract and rent issues were related only collaterally. Consequently, the Supreme Court properly denied the defendants' CPLR 3211 (a) (5) motion to dismiss the current action on the ground that it is barred by res judicata. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.