■ In the Matter of PROGRESSIVE NORTHERN INSURANCE COMPANY, as Subrogee of MIRA DUNCALF, Appellant, v SENTRY INSURANCE A MUTUAL COMPANY, Respondent. [859 NYS2d 199]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated January 23, 2007, the petitioner appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated June 15, 2007, which denied the petition.

Ordered that the order is affirmed, with costs.

On December 10, 2004, Mira Duncalf, an insured of Progressive Northern Insurance Company (hereinafter Progressive) was involved in an automobile accident with an insured of Sentry Insurance A Mutual Company (hereinafter Sentry). On or about May 16, 2005, Progressive commenced an arbitration proceeding against Sentry with Arbitrations Forum, Inc. (hereinafter the arbitrator), seeking reimbursement, through a priority-of-payment claim (hereinafter the prior claim), of the first-party benefits paid to its insured (hereinafter the prior arbitration) (*see generally* Insurance Law § 5105; 11 NYCRR 65-3.12 [b]; 65-4.11). In a decision and award dated July 11, 2006, the arbitrator denied the prior claim.

On or about September 19, 2006, Progressive commenced a

second arbitration proceeding with the arbitrator seeking the same reimbursement, albeit through a loss-transfer claim (hereinafter the instant claim), against Sentry (hereinafter the instant arbitration). In the instant arbitration, Sentry, inter alia, raised the affirmative defense of res judicata. In a decision and award dated January 23, 2007 (hereinafter the instant award), the arbitrator denied the instant claim on that ground. Subsequently, Progressive commenced this proceeding pursuant to CPLR article 75 to vacate the instant award. The Supreme Court denied the petition. We affirm.

The arbitrator did not exceed its authority by rendering an award in favor of Sentry (*see* CPLR 7511 [b] [1] [iii]). It was within the arbitrator's authority to determine the preclusive effect of the prior arbitration on the instant arbitration (*see Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn.*, 63 NY2d 846, 848 [1984]; *Board of Educ. of Patchogue-Medford Union Free School Dist. v Patchogue-Medford Congress of Teachers*, 48 NY2d 812, 813 [1979]; *Matter of Globus Coffee, LLC v SJN, Inc.*, 47 AD3d 713, 714 [2008]; *Matter of Town of Newburgh v Civil Serv. Empls. Assn.*, 272 AD2d 405 [2000]; *see also Matter of County of Jefferson [Jefferson County Deputy Sheriff's Assn., Local 9100]*, 265 AD2d 802 [1999]; *Matter of Port Auth. of N.Y. & N.J. v Office of Contract Arbitrator*, 254 AD2d 194, 195 [1998]; *Rabinovich v Shchegol*, 251 AD2d 25 [1998]; *Matter of Port Auth. of N.Y. & N.J. v Port Auth. Police Sergeants Benevolent Assn.*, 225 AD2d 503 [1996]; *Matter of Birchwood Mgt. Corp. v Local 670, Stationary Engrs., RWDSU, AFL-CIO*, 154 AD2d 531 [1989]; *Vilceus v North Riv. Ins. Co.*, 150 AD2d 769, 770 [1989]; *Matter of Resnick v Serlin*, 119 AD2d 825 [1986]; *Matter of Board of Educ., Florida Union Free School Dist. [Florida Teachers Assn.]*, 104 AD2d 411, 411-412 [1984], *affd* 64 NY2d 822 [1985]).

Moreover, it is clear that the instant claim made by Progressive arose out of the same transaction as the prior claim that was denied in the prior arbitration (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Matter of Aetna Cas. & Sur. Co. v Bonilla*, 219 AD2d 708, 708-709 [1995]; *Matter of Ulster Elec. Supply Co. v Local 1430, Intl. Bhd. of Elec. Workers*, 253 AD2d 765 [1998]). While Progressive now alleges different facts regarding how the accident occurred, and a different theory upon which reimbursement is sought, the instant arbitration and the instant claim involve the same accident and the same parties, while Progressive seeks reimbursement of the same payments, albeit on a different legal theory (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Boronow v Boronow*, 71 NY2d 284, 290 [1988]; *Smith v*

*Russell Sage Coll.,* 54 NY2d 185, 192-193 [1981]; *Matter of Reilly v Reid,* 45 NY2d 24, 29 [1978]; *Marinelli Assoc. v Helmsley-Noyes Co.,* 265 AD2d 1, 5 [2000]).

Where, as here, the facts upon which the prior claim and the instant claim are based were related in time, space, and origin, and form a convenient trial unit, and their treatment as a unit conforms to the parties' expectations (*see Boronow v Boronow,* 71 NY2d 284, 289 [1988]; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193 [1981]; *Matter of Reilly v Reid,* 45 NY2d 24 [1978]; *Flushing Plumbing Supply Co., Inc. v F&T Mgt. & Parking Corp.,* 29 AD3d 855, 856 [2006]; *Couri v Westchester Country Club,* 186 AD2d 715, 716 [1992]; *Matter of Bauer v Planning Bd. of Vil. of Scarsdale,* 186 AD2d 129, 130 [1992]), the arbitrator's decision to bar the instant compulsory arbitration (*see* Insurance Law § 5105) was neither arbitrary nor capricious and was supported by a "reasonable hypothesis" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 224 [1996]; *see Matter of State Farm Mut. Auto. Ins. Co. v Lumbermens Mut. Cas. Co.,* 18 AD3d 762, 763 [2005]). Thus, the instant award was not subject to vacatur under CPLR 7511 (b) (1).

Progressive's remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.