Basile v Riley (2020 NY Slip Op 06600)





Basile v Riley


2020 NY Slip Op 06600


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


605 CA 19-02237

[*1]GUY BASILE, ON BEHALF OF HIMSELF AND ALL OTHERS SIMULARLY SITUATED, PLAINTIFF-RESPONDENT,
v
ED RILEY, SYRACUSE COMMUNITY HOTEL RESTORATION COMPANY 1, LLC, SYRACUSE COMMUNITY HOTEL RESTORATIONS COMPANY LLC, DOING BUSINESS AS MARRIOTT SYRACUSE DOWNTOWN, CRESCENT HOTELS & RESORTS, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 2.) 






LITTLER MENDELSON, P.C., FAIRPORT (JACQUELINE PHIPPS POLITO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
GARDY & NOTIS, LLP, NEW YORK CITY (ORIN KURTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 25, 2019. The order denied the motion of defendants-appellants seeking, inter alia, to compel arbitration. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is modified on the law by granting those parts of the motion seeking to dismiss the amended complaint against defendant Syracuse Community Hotel Restorations Company LLC, doing business as Marriott Syracuse Downtown and to compel arbitration of the claims against the remaining defendants and to stay the action pending arbitration, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action asserting, inter alia, a cause of action for the alleged unlawful retention of gratuities in violation of Labor Law § 196-d on behalf of himself and a putative class of waiters, bartenders, and other individuals who provided food and drink services during banquet events at a hotel. In appeal No. 1, defendant Ed Riley appeals from an order that denied in part his motion to, among other things, dismiss the complaint against him. After the decision on Riley's motion was rendered, plaintiff filed an amended complaint against Riley and additional defendants, including Syracuse Community Hotel Restoration Company 1, LLC (RC1), Syracuse Community Hotel Restorations Company LLC doing business as Marriott Syracuse Downtown (RC), and Crescent Hotels & Resorts, LLC (Crescent) (collectively, defendants). Defendants moved, inter alia, to compel arbitration of the claims in the amended complaint and to stay the action pending arbitration, for leave to reargue Riley's motion to dismiss the complaint against him, and to dismiss the amended complaint against RC. In appeal No. 2, defendants appeal from an order denying their motion in its entirety.
The amended complaint superseded the original complaint and became the only operative complaint in the action (see Morrow v MetLife Invs. Ins. Co., 177 AD3d 1288, 1288 [4th Dept 2019]; D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 957 [4th Dept 2014]; Re-Poly Mfg. Corp. v Dragonides, 109 AD3d 532, 535 [2d Dept 2013]). Thus, we dismiss appeal No. 1 as moot (see Morrow, 177 AD3d at 1288; Re-Poly Mfg. Corp., 109 AD3d at 535). In addition, we dismiss the appeal from the order in appeal No. 2 to the extent it denied that part of defendants' motion seeking leave to reargue because no appeal lies from an order denying [*2]reargument (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
We agree with defendants that Supreme Court erred in denying that part of their motion seeking to dismiss the amended complaint against RC, and we therefore modify the order in appeal No. 2 accordingly. Defendants established in support of their motion that such an entity does not legally exist, and plaintiff failed to raise a triable issue of fact in opposition (see Gorbatov v Tsirelman, 155 AD3d 836, 839-840 [2d Dept 2017]).
We further agree with defendants that the court erred in denying that part of their motion seeking to compel arbitration of the claims against the remaining defendants and to stay the action pending arbitration, and we therefore further modify the order in appeal No. 2 accordingly. Plaintiff signed an arbitration agreement with Crescent when he began his employment at the hotel. The arbitration agreement explicitly stated that it was governed by the Federal Arbitration Act (FAA) (9 USC § 1 et seq.). Under 9 USC § 2, an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252 [2005]). " 'Th[at] text reflects the overarching principle that arbitration is a matter of contract' and, 'consistent with that text, courts must "rigorously enforce" arbitration agreements according to their terms' " (Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 26 NY3d 659, 665 [2016], quoting American Express Co. v Italian Colors Rest., 570 US 228, 233 [2013]; see Henry Schein, Inc. v Archer & White Sales, Inc., — US &mdash, 139 S Ct 524, 529 [2019]).
Parties may agree to arbitrate "gateway" or "threshold" questions of arbitrability, including whether the parties agreed to arbitrate or whether their agreement covers the controversy (see Henry Schein, Inc., — US at &mdash, 139 S Ct at 529; Rent-A-Center, West, Inc. v Jackson, 561 US 63, 68-69 [2010]; Monarch Consulting, Inc., 26 NY3d at 675). Such delegation clauses are enforceable where there is clear evidence that the parties intended to arbitrate threshold arbitrability issues (see Monarch Consulting, Inc., 26 NY3d at 675). Here, the arbitration agreement contained such a delegation clause. It provided that the arbitrator "shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement." Thus, we agree with defendants that the arbitration agreement demonstrated a clear intent by the parties to arbitrate gateway questions of arbitrability (see generally id.).
The only challenge, therefore, that plaintiff could raise in opposition to that part of defendants' motion seeking to compel arbitration is whether a valid arbitration agreement exists, which is for a court to determine (see Henry Schein, Inc., — US at &mdash, 139 S Ct at 530; Rent-A-Center, W., Inc., 561 US at 71; Gingras v Think Finance, Inc., 922 F3d 112, 126 [2d Cir 2019], cert denied — US &mdash, 140 S Ct 856 [2020]; see also 9 USC § 4). The challenge must be directed "specifically to the agreement to arbitrate" (Rent-A-Center, W., Inc., 561 US at 71; see Monarch Consulting, Inc., 26 NY3d at 675-676). The validity and enforceability of arbitration agreements is governed by the rules applicable to contracts generally (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [2013]; Sablosky v Gordon Co., 73 NY2d 133, 136-137 [1989]). "[A] party may resist enforcement of an agreement to arbitrate on any basis that could provide a defense to or grounds for the revocation of any contract, including fraud, unconscionability, duress, overreaching conduct, violation of public policy, or lack of contractual capacity" (Matter of Teleserve Sys. [MCI Telecom. Corp.], 230 AD2d 585, 592 [4th Dept 1997]; see Gingras, 922 F3d at 126).
We agree with defendants that plaintiff failed to raise any challenge to the validity of the agreement to arbitrate. In opposing defendants' motion, plaintiff relied on a provision in the arbitration agreement that stated that it would not apply "to any employee represented by a labor organization, or to [Crescent] regarding any such employee, except to the extent permitted in any applicable collective bargaining agreement," which plaintiff contends shows that there was no valid agreement to arbitrate. Of note, the relevant time period in the amended complaint was before plaintiff even became a member of a union. In any event, plaintiff's contention conflates the issue of whether there is a valid agreement to arbitrate, which is for a court to decide, with the issue of the arbitrability of the dispute, which is for the arbitrator to determine. The arbitrability issue includes the interpretation of any contract provision, such as the provision exempting union employees from the arbitration agreement under certain circumstances (see Matter of WN [*3]Partner, LLC v Baltimore Orioles L.P., 179 AD3d 14, 16 [1st Dept 2019]; Matter of Port Auth. of N.Y. & N.J. v Office of Contr. Arbitrator, 241 AD2d 353, 354 [1st Dept 1997]; see generally Henry Schein, Inc., — US at &mdash, 139 S Ct at 529-530). To the extent plaintiff raised an issue regarding whether Riley and RC1 are third-party beneficiaries of the arbitration agreement between plaintiff and Crescent, that is also an issue for the arbitrator to determine (see Matter of Long Is. Power Auth. Hurricane
Sandy Litig., 165 AD3d 1138, 1142 [2d Dept 2018]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court