OPINION OF THE COURT
Martin B. Stecher, J.
The respondent moves "for an order modifying the order * * * dated September 19, 1985, to the extent that the arbitration award dated September 10, 1984 be confirmed, pursu *377 ant to CPLR 7510 and directing that judgment be entered upon the order as so modified.”
The petitioner, a self-insurer, owned an automobile which was involved in an accident with one Gloria Gordon-Somers. An action brought by Miss Gordon-Somers was tried before a jury in Civil Court, Kings County (CPLR 325 [d]), against the telephone company and resulted in a judgment in favor of the defendant telephone company. Thereafter, pursuant to the provisions of former section 671 et seq. of the Insurance Law (now § 5102), a mandatory intercompany arbitration was held to allocate liability for first-party benefits (Insurance Law former § 672, now § 5103) of about $50,000 paid by respondent, State Farm Insurance Company, to Gordon-Somers arising out of the accident which led to the action which was dismissed in the Civil Court lawsuit.
It is alleged by the petitioner telephone company that the arbitrator declined to consider himself collaterally bound by the Civil Court judgment and made an award in favor of the respondent requiring petitioner telephone company to reimburse respondent insurance company for the major part of the first-party benefits.
The telephone company did not move to stay arbitration but instead moved to vacate the arbitrator’s award (CPLR 7511 [b] [1] [in]). By decision dated September 19, 1985, I determined that the petition to vacate the award was untimely (CPLR 7511 [a]) and accordingly dismissed the petition without ever reaching its merits.
This motion may be interpreted on the one hand as a motion for reargument, or, on the other hand, as respondent cites CPLR 7510, as a motion to confirm. If it is the latter, it is clearly untimely having been served much more than a year after delivery of the award to the respondent (CPLR 7510). If it is a motion merely to modify or reargue a prior order, it is required to have been made within the period limited to take an appeal from that order. Eight months appears to be untimely but as these papers are silent as to when the order which the respondent seeks to have modified was served, I cannot judge if the time to appeal has elapsed. Procedurally, then, this is a motion for leave to reargue which is completely a matter of the court’s discretion. In my view, the issues are of sufficient importance to be addressed directly and not avoided by procedural niceties.
CPLR 7511 entitled "Vacating or modifying award”, at *378 subdivision (e), provides that "[U]pon the denial of a motion to vacate or modify [the court] shall confirm the award.”
I am of the opinion that it was the intention of the Legislature in enacting subdivision (e) of CPLR 7511 to limit mandatory confirmation upon the denial of a motion to vacate or modify to circumstances where the court had ruled on the substantive issues which might have been raised in opposition to a motion to confirm an award. Weinstein, Korn and Miller, in their work on New York Civil Practice (vol 8, ]J 7510.02), say "When an application to confirm is made pursuant to CPLR 7510, a party may oppose confirmation on any of the grounds specified in CPLR 7511 for vacating or modifying an award, even though a motion based on such grounds would no longer be timely. Consequently, a party may choose to assert any alleged defects when his opponent seeks confirmation rather than himself moving to vacate or modify. This result accords with the intention of the Advisory Committee to integrate 'motions to confirm, vacate or modify the award.’ ” (Citing 2 NY Adv Comm Rep 144 [1958].)
The concept of "integration” is consistent with the view I have expressed above: that is, where issues have been raised and adjudicated on a motion to vacate an award, there is no need for a second motion to confirm the award. An examination of the cases cited by respondent does not lead to a contrary result. Matter of Board of Educ. v Ardsley Congress of Teachers (48 AD2d 879 [2d Dept]) is of little help in that no facts are recited; and it cites as its solé authority respondent’s second case, Matter of Hillside Hous. Corp. v Local 32 E. Bldg. Serv. Employees Intl. Union (40 AD2d 795 [1st Dept]). In Hillside it is apparent that the motion to vacate the award was based upon the allegation that the arbitrator exceeded his powers and that the award was inadequate, both as to form and content. It is clear from the decision that Special Term concluded, on the merits, and the Appellate Division concurred, that the arbitrator neither exceeded his powers nor rendered an inadequate award.
No case has been called to my attention and research has disclosed none, in which confirmation of an award was held to be mandatory where the motion’s merits were not considered but the motion was denied as untimely. In my view, therefore, the respondent is not entitled to modification of my prior order and is not entitled to the entry of judgment simply because, on grounds of untimeliness, I denied the petitioner’s prior application to modify.
*379 Finally, I believe, that the merits of these applications should be addressed to lay to rest any doubt of the result which would have obtained on a timely application to the court.
It is to be borne in mind that this arbitration was a mandatory arbitration and was not held on the agreement of the parties. In such an arbitration, the court has the jurisdiction to set aside the arbitrator’s award if the award disregards applicable law or is based on an error of law (Brunner v Allstate Ins. Co., 79 AD2d 491; Karmilowicz v Allstate Ins. Co., 77 AD2d 131). That there was an error, a most fundamental error of law, is clear from this record. The Civil Court judgment determined that as between New York Telephone Company and Gloria Gordon-Somers the telephone company bore no responsibility for the accident. The role of State Farm Insurance Co. is that of indemnitor for Miss Gordon-Somers, indemnifying her under the Insurance Law for losses which she sustained as a party to that accident. The insurance company, as an indemnitor, can have no greater rights against the telephone company than had Gordon-Somers; it is for all practical purposes a subrogee. Under such circumstances, the judgment, which is res judicata as far as Miss Gordon-Somers is concerned, collaterally bars State Farm Insurance Co. from asserting fault on the part of New York Telephone Company.
Accordingly, whether the motion is for reargument or to confirm an arbitrator’s award, or to modify a prior decision and order of this court, it is denied.