*468 OPINION OF THE COURT
Kevin J. Kerrigan, J.
Petition to confirm the arbitrator’s award is denied, and the cross motion to vacate the award is granted. Accordingly, the petition is dismissed.
Petitioner seeks to confirm an award for personal injury protection (PIP) benefits issued in its favor under mandatory no-fault insurance arbitration. The award was issued on June 13, 2000, granting petitioner the sum of $12,977.18 as and for its reimbursement of PIP benefits previously paid to its subrogor, Desirie Dykes, who was involved in a motor vehicle accident. In an action for personal injuries brought in federal court by Dykes against the owner and operator of the alleged offending vehicle, the jury returned a verdict against Dykes as to liability on June 29, 1999. Notwithstanding respondent’s notification to petitioner of the verdict, petitioner proceeded to arbitration. The arbitrator, though aware of the jury verdict, found that the “Court decision has no bearing on the PIP arbitration.” The award was “based on the police report.”
On this record, sufficient grounds exist to vacate the award under CPLR 7511 (b) (1) (iii) in that the arbitrator “exceeded his power.” Under this subdivision, it is well established that only three grounds exist for challenging an arbitrator’s determination of the controversy: (1) the arbitrator has exceeded a specifically enumerated limitation on his authority; (2) the decision is totally irrational; or (3) the award is violative of a strong public policy (see, Matter of Board of Educ. v Dover-Wingdale Teachers Assn., 61 NY2d 913, 915). An arbitrator will be deemed to have “exceeded his power” within the meaning of CPLR 7511 (b) (1) (iii) only when one of these three circumstances is shown.
In the court’s view, the second ground of objection — “total irrationality” of the arbitrator’s decision — is relevant to our case. This ground requires a showing that there was “no proof whatever to justify the award” (see, Matter of Peckerman v D & D Assocs., 165 AD2d 289, 296). Further, the judicial scope of review is enhanced somewhat in cases of compulsory arbitration, as in the no-fault insurance area. If the parties are required by statute to arbitrate their dispute, due process requires “closer judicial scrutiny of the arbitrator’s determination” (see, Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223). This “more exacting” standard (see, Matter of Furstenberg [Allstate Ins. Co.], 49 *469 NY2d 757, 758), which is applicable to issues of fact as well as law, has been recently described by the Court of Appeals as follows: “[A]n award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious” (see, Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., supra, at 223).
Here, the arbitrator ignored the jury verdict, which was against petitioner’s insured on the issue of liability for the accident. The arbitrator made his award based upon the police report, which would have been inadmissible at trial under the hearsay rule to prove the truth of the matter asserted therein (see, Matter of Leon RR, 48 NY2d 117; Johnson v Lutz, 253 NY 124). As a result, the award lacks evidentiary support and is arbitrary and capricious. Pursuant to Insurance Law § 5105 (a), petitioner would have the right to recover the amount of no-fault first-party benefits paid by it from the respondent carrier to the extent that respondent’s insured would have been liable to pay damages in an action at law. The jury verdict, however, was in favor of respondent’s insured and, therefore, under this section of the Insurance Law, petitioner could not recover the amount of benefits paid by it from the respondent. Clearly, the arbitrator failed to consider this provision of law in light of the jury’s verdict.
This result is warranted notwithstanding the fact that petitioner was not a party to the trial. As subrogee, petitioner stands in place of Dykes, its subrogor. The issue in the personal injury litigation as well as the subsequent arbitration was identical — to wit, the liability of respondent’s insured. Both petitioner and its subrogor were interested in obtaining a judgment against respondent on the issue of liability, and petitioner’s interests were effectively represented at trial. Petitioner’s relationship as subrogee of Dykes is such that it can be reasonably said that the two are in “privity,” sufficient to bind petitioner by the prior judgment to which it was not a party of record (see, Watts v Swiss Bank Corp., 27 NY2d 270, 277). This situation would include “those who are successors to a property interest” (see, Watts v Swiss Bank Corp., supra). Thus, the doctrine of res judicata would apply to preclude petitioner’s claim for recovery of the amount of benefits it paid to Dykes.
Procedurally, respondent may cross-move at this time to vacate the award, since the losing party at arbitration may wait until the winning party seeks to confirm the award (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7511:1, at 771). As a result, respondent *470 is not time barred under CPLR 7511 (a) from seeking to vacate the award.
Accordingly, upon the foregoing, the petition to confirm the arbitrator’s award is denied, and the cross motion to vacate the arbitration award is granted. The petition is therefore dismissed.