OPINION OF THE COURT
David B. Cohen, J.
The decision/order on this motion is as follows: Petitioner’s motion to vacate is granted and respondent’s cross motion to confirm is denied.
On December 23, 2013, petitioner filed its petition under article 75 of the CPLR to vacate an award made by arbitrator Mavis Thomas on September 24, 2013. In its papers, petitioner argued that the award made by the arbitrator to respondent was improper because the arbitrator exceeded its power in violation of CPLR 7511 (b). On March 3, 2014, respondent filed its cross motion pursuant to CPLR 7510 to confirm the arbitrator’s award and argued that the arbitrator’s determination was proper as it acted within its permitted discretion.
The facts before the court are not in dispute. Petitioner is a public benefit corporation under the laws of the State of New York and is self-insured. On October 1, 2010, a bus operated by petitioner was involved in a three-car motor vehicle accident with Christina McNamara (subrogor) and Michael Castelluccio. Nonparty Castelluccio was insured by respondent, which provided no-fault benefits to subrogor. In January 2011, subrogor commenced a personal injury action (action No. 1) naming petitioner, Eli Riviera (petitioner’s bus operator) and Michael Castelluccio as defendants. On September 22, 2011, respondent filed for arbitration seeking reimbursement from petitioner for the no-fault benefits paid on behalf of subrogor. While waiting for the resolution of action No. 1, the arbitration proceeding was adjourned on two different occasions. On January 9, 2013, after trial in action No. 1, a jury found, by unanimous verdict, that Eli Riviera was 0% responsible for the motor vehicle accident and that Michael Castelluccio was 100% responsible for the motor vehicle accident. Petitioner and Eli Riviera were found not liable for subrogor’s injuries and were dismissed from the action. An attorney for subrogor served the proposed judgment on petitioner.
*708 On September 24, 2013, petitioner and respondent appeared for the arbitration proceeding. For reasons not explained to the court, neither side informed the arbitrator of the jury’s verdict, nor listed any documentation relating to the verdict as evidence in the arbitration. At the hearing, petitioner sought an adjournment to provide the arbitrator with the jury verdict, but its application was denied and the arbitrator refused to consider the jury verdict. The arbitrator’s rationale was that since petitioner had sufficient time to provide the jury verdict as evidence and only did so “at the table,” it would not consider the jury verdict.
Petitioner argues that the decision of the arbitrator should be vacated because it is irrational, arbitrary, and capricious and constitutes the wrong application of relevant law. Specifically, petitioner asserts that by refusing to accept the decision of the jury, the arbitrator exceeded its power pursuant to CPLR 7511 and that the decision by the jury had preclusive effect on the arbitration and is res judicata as to petitioner’s liability and the failure to give preclusive effect to the jury verdict is grounds for the vacatur. Petitioner further contends that the arbitrator’s failure to grant an adjournment for petitioner to formally submit the jury verdict into evidence and the arbitrator’s subsequent failure to even consider the jury verdict constituted an abuse of discretion. Respondent argues that pursuant to the rules of the arbitration, the arbitrator was within its discretion to refuse an adjournment and to refuse to consider the jury verdict first produced at the hearing despite being available for nine months, and that the jury verdict was not binding on the arbitration.
The arbitration in this matter was mandatory as required by statute (see Insurance Law § 5105 [requiring that the sole remedy of actions between insurers involving the recovery of personal injury benefits paid pursuant to the no-fault rules is mandatory arbitration]). In cases of compulsory arbitration, due process requires “closer judicial scrutiny of the arbitrator’s determination” (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). Under CPLR article 75 a review should include whether the award is supported by evidence or other basis in reason (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207 [1981]). Awards after mandatory arbitration, upon judicial review, are to be measured according to whether they are rational or arbitrary and capricious (Caso v Coffey, 41 NY2d 153 [1976]). In a mandatory arbitration, the arbitrator’s power derives from the statute which mandates *709 upon the parties the arbitration. Consequently, the arbitrator cannot make its decisions with less than substantial evidence, without reasonable basis or in disregard of applicable rules of law (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493 [1970]).
“Res judicata serves to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same ‘factual grouping’ or ‘transaction’, and which should have or could have been resolved in the prior proceeding” (Braunstein v Braunstein, 114 AD2d 46, 53 [2d Dept 1985]; see also Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258 [2d Dept 2010]; Mew Equity LLC v Sutton Land Servs., L.L.C., 37 Misc 3d 1225[A], 2012 NY Slip Op 52161[U] [Sup Ct, Kings County 2012]). Conversely,
“[t]he doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in the prior action or proceeding, and decided against that party or those in privity, whether or not the tribunals or causes of action are the same” (Breslin Realty Dev. Corp., 72 AD3d at 263).
Here, respondent’s subrogor and petitioner litigated, in an earlier court proceeding, the very same claim heard by the arbitrator. Specifically, a court heard the very same facts relating to subrogor’s claim that petitioner was liable for her injuries. A jury evaluated these facts and made the determination that someone other than petitioner was 100% liable for subrogor’s injuries. Hence, the claim brought by respondent in the arbitration, standing in the shoes of subrogor, arose out of the same factual transaction and had been fully litigated and determined by a court prior to the arbitration hearing. The arbitrator’s decision to not give preclusive effect to a final determination made by a court was irrational (Matter of Social Servs. Empls. Union, Local 371 v City of N.Y., Dept. of Juvenile Justice, 82 AD3d 644 [1st Dept 2011]; Motor Veh. Acc. Indem. Corp. v Travelers Ins. Co., 246 AD2d 420 [1st Dept 1998] [based on the principle of res judicata, an arbitrator exceeds his power by conducting a hearing and making an award premised on the same claim as a prior award]; see also Matter of Pinnacle Envt. Sys. [Cannon Bldg. of Troy Assoc.], 305 AD2d 897 [3d Dept 2003] [second arbitration was barred by the doctrine of res judicata as it involved the same parties and precisely the same issues]; Matter of State of *710 N.Y. Off. of Mental Health [New York State Correctional Officers & Police Benevolent Assn., Inc.], 46 AD3d 1269 [3d Dept 2007]; Matter of New York Tel. Co. v State Farm Ins. Co., 137 Misc 2d 376 [Sup Ct, NY County 1987]). At bar, since the claim against petitioner had been litigated and a court had rendered a final judgment after jury verdict, by not giving this final judgment and verdict res judicata effect, the arbitrator disregarded applicable rules of law.
This case is distinguished from Matter of Falzone (New York Cent. Mut. Fire Ins. Co.) (15 NY3d 530 [2010]) in several respects. In Falzone, the Court of Appeals held that an arbitrator’s failure to apply collateral estoppel to preclude a determination of an issue resolved in a prior arbitration proceeding was not subject to review by the Court (id. at 535). This case involves the application of res judicata while Falzone involved the application of collateral estoppel. In Falzone, the Court specifically distinguished between the two doctrines and wrote “[s]ince the instant claim involves the doctrine of collateral estoppel, not res judicata, petitioner’s reliance on Appellate Division decisions barring subsequent arbitrations on res judicata grounds is misplaced” (id.). To allow an entire claim involving the same facts and arguments to be re-litigated for a second time is inequitable, a waste of resources and contrary to well-established principles of law. Second, in Falzone the arbitration between the parties was voluntary and not subject to the heightened standard and “more-exacting” review that the Court must undertake following mandatory arbitration. Using the lesser review standard, the Falzone court was only “applying this State’s well-established rule that an arbitrator’s rulings, unlike a trial court’s, are largely unreviewable” (id. at 534). Third, in Falzone the arbitrator declined to give preclusive effect to another arbitrator’s decision. In the instant case, the arbitrator declined to give preclusive effect, or even consider, a final judgment reached by a jury, after trial.
Although neither party provided any satisfactory reason as to why the arbitrator was not informed of the trial court verdict until the day of the arbitration, considering that the arbitration was stayed, specifically because of the ongoing court action, the arbitrator’s decision to refuse to consider the verdict was simply irrational. It is therefore ordered that the petition to vacate arbitrator Mavis Thomas’ determination of September 24, 2013 is granted; and it is also ordered that the matter is remanded back to arbitration in accordance with CPLR 7511 (d) to be *711 heard by the same arbitrator; and it is also ordered that respondent’s cross motion is denied.