Matter of Zurich Am. Ins. v Hereford Ins. Co. (2019 NY Slip Op 04707)





Matter of Zurich Am. Ins. v Hereford Ins. Co.


2019 NY Slip Op 04707


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-07995
 (Index No. 708361/17)

[*1]In the Matter of Zurich American Insurance, respondent, 
v
Hereford Insurance Company, appellant.


Rubin & Nazarian (Goldberg, Miller & Rubin, P.C., New York, NY [Harlan R. Schreiber], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP (Nicholas P. Hurzeler and Kristen Carroll of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated April 28, 2017, in which Hereford Insurance Company cross-petitioned to confirm the award, Hereford Insurance Company appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated March 30, 2018. The order granted the petition and denied the cross petition.
ORDERED that the order is affirmed, with costs.
On January 28, 2014, a tractor owned by Cowan Systems, LLC (hereinafter Cowan), operated by Juan C. Aguilar, and insured by the petitioner, Zurich American Insurance (hereinafter Zurich), collided with the driver's side of a parked vehicle occupied by Carlos Tapia and insured by the appellant, Hereford Insurance Company (hereinafter Hereford). Tapia, who allegedly sustained various injuries as a result of the accident, received $20,018.17 in no-fault benefits from Hereford.
In October 2014, Tapia commenced an action (hereinafter the action) against Cowan, Aguilar, and another defendant in the Supreme Court, Queens County, to recover damages for injuries allegedly sustained as a result of the accident. In or around December 2014, the action was removed to the United States District Court for the Eastern District of New York. The action proceeded to trial, and on December 15, 2016, a unanimous jury found that Tapia did not demonstrate by a preponderance of the evidence that the accident caused him to sustain injury.
Meanwhile, on or about November 24, 2015, via compulsory arbitration pursuant to Insurance Law § 5105, Hereford sought reimbursement from Zurich for the no-fault benefits paid to Tapia. At the arbitration hearing, Zurich submitted into evidence, inter alia, a copy of the jury verdict sheet from the action. Nonetheless, the arbitrator, upon determining that Zurich's insured was 100 percent at fault for the accident for failure to yield and that Hereford had proven all of its damages, awarded Hereford $20,018.17.
Subsequently, Zurich commenced this proceeding pursuant to CPLR 7511 to vacate the arbitration award, contending that the award was arbitrary and capricious insofar as the arbitrator [*2]failed to give preclusive effect to the jury verdict from the action. Hereford cross-petitioned to confirm the award, contending that there was evidentiary support and a rational basis for the award and that it was not improper for the arbitrator not to give preclusive effect to the jury verdict insofar as Hereford was not a party to the action. The Supreme Court granted Zurich's petition and denied Hereford's cross petition. Hereford appeals. We affirm.
"Where, as here, the obligation to arbitrate arises through a statutory mandate, the arbitrators' determination is subject to closer judicial scrutiny' under CPLR 7511(b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties" (Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d 633, 634, quoting Matter of Motor Veh. Acc Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d at 634 [internal quotation marks omitted]). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (id. [internal quotation marks omitted]).
The arbitration award herein was irrational and arbitrary and capricious insofar as the arbitrator failed to give preclusive effect to the jury's determination that Tapia had failed to demonstrate by a preponderance of the evidence that the accident caused him to sustain injury (see Matter of Social Servs. Empls. Union, Local 371 v City of N.Y. Dept. of Juvenile Justice, 82 AD3d 644, 645; Matter of State of N.Y. Off. of Mental Health, 46 AD3d 1269, 1271). Significantly, the jury's determination that Tapia did not demonstrate by a preponderance of the evidence that the accident caused him any injury precluded Hereford from recovering from Zurich via mandatory arbitration the amount of no-fault benefits paid by Hereford to Tapia with respect to the accident (see Insurance Law § 5105[a]; see generally Ryan v New York Tel. Co., 62 NY2d 494, 500; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485). Here, "the arbitrator failed to consider this provision of law in light of the jury's verdict" (Matter of G.E.I.C.O. Gen. Ins. Co. v Canal Ins. Co., 189 Misc 2d 467, 469 [Civ Ct, Queens County]; see New York City Tr. Auth. v GEICO Gen. Ins. Co., 46 Misc 3d 706, 709 [Civ Ct, New York County]).
Contrary to Hereford's contention, even though it was not a party to the action, Hereford, as subrogee, stands in place of Tapia, its subrogor, "such that it can be reasonably said that the two are in privity,' sufficient to bind [Hereford] by the prior judgment to which it was not a party of record" (Matter of G.E.I.C.O. Gen. Ins. Co. v Canal Ins. Co., 189 Misc 2d at 469, citing Watts v Swiss Bank Corp., 27 NY2d 270, 277).
Hereford's remaining contention regarding Zurich's failure to submit to the arbitrator and the Supreme Court a copy of the judgment in the action is improperly raised for the first time on appeal.
RIVERA, J.P., AUSTIN, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court