Schwartz v O'Quinn (2021 NY Slip Op 51234(U))

[*1]

Schwartz v O'Quinn

2021 NY Slip Op 51234(U) [73 Misc 3d 143(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1264 W C

Walter Schwartz, Appellant,
against
Julia O'Quinn and Pamela O'Quinn, Respondents.

Walter Schwartz, appellant pro se.
Milber Makris Plousadis & Seiden, LLP (Thomas DeGrace of counsel), for respondents.

Appeal from an order of the Justice Court of the Village of Tarrytown, Westchester County
(George Hlapatsos, J.), entered March 14, 2019. The order granted defendants' motion to dismiss
the action and implicitly denied plaintiff's cross motion for summary judgment.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims action to recover the amount of the insurance
deductible he paid towards property damage as a result of a motor vehicle accident. The accident
occurred when plaintiff, the driver of a 2014 Honda Accord, backed out of a diagonal parking
spot on Main Street in Irvington, New York, and was struck by a 2009 Honda Accord LX driven
by defendant Julia O'Quinn and owned by defendant Pamela O'Quinn.
Defendants moved to dismiss the action. In support of the motion, defense counsel stated
that plaintiff's insurance company, MetLife Auto & Home (MetLife) submitted a prior claim
for property damage against defendants' insurance company, GEICO. Plaintiff was notified that
MetLife was handling plaintiff's claim through "Inter-Company Arbitration," the result of which
would be binding, which "means that neither company has the right to appeal." Following the
arbitration, at which both insurance companies appeared and submitted evidence, including
photographs of the scene, the arbitrator determined that defendants had 0% liability and plaintiff
was 100% negligent for "unsafe backing," which was the sole proximate cause of the accident.
As a result, MetLife was awarded $0 for property damage. Plaintiff had been reimbursed by
[*2]MetLife for the approximate $2,000 in damages his vehicle
sustained minus the $500 deductible.[FN1]
Defendants argued that the arbitration award must be given effect, warranting the dismissal of
plaintiff's action.

Plaintiff opposed the motion and cross-moved for summary judgment, arguing that the
photographs submitted with the cross motion show that defendant Julia O'Quinn caused the
rear-end collision. Plaintiff asserted that the prior arbitration was not a basis to bar his right to
recover his deductible. Defendants opposed the cross motion and argued that plaintiff had failed
to put forth any additional evidence that would warrant relitigation of the issues, which were
fully and fairly litigated in the arbitration. Plaintiff replied that he had no meaningful
participation in the arbitration and thus he is not precluded from making his current claim.

In its decision and order entered March 14, 2019, the Justice Court granted defendants'
motion to dismiss and implicitly denied plaintiff's cross motion, stating that the prior arbitration
proceeding addressed and resolved "the very same issues concerning liability for the accident and
resulting damages which the plaintiff has raised through the instant proceeding, and as the record
reflects that the plaintiff's interests regarding liability for the accident and resulting damages were
fully represented by his insurance company, MetLife, during the prior proceeding through the
submission of the plaintiff's and defendant Pamela O'Quinn's respective accounts of the accident
and the submission of photographic evidence, this court finds that the plaintiff and the defendants
enjoyed a full and fair opportunity to present their claims and litigate their arguments during the
prior proceeding." The Justice Court concluded that plaintiff is therefore precluded from being
heard in this proceeding to again raise claims and arguments concerning those issues.

In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).

The doctrine of res judicata is designed to put an end to a matter once it has been duly
decided (see Siegel and Connors, NY Prac § 442, at 850 [6th ed 2018]). Res
judicata, or claim preclusion, is invoked when a party seeks to relitigate a disposition on the
merits of claims, or causes or action, arising out of the same transaction or series of transactions
which were raised or could have been raised in a prior proceeding between the same parties or
those in privity (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp.
v Nieberg Realty Corp., 250 NY 304 [1929]; see also Watts v Swiss Bank Corp., 27
NY2d 270 [1970]). Arbitration awards can have res judicata effect (see Mahler v Campagna, 60 AD3d
1009 [2009]). By virtue of the indemnitor-indemnitee relationship existing between an
insurer and an insured, an insured is in privity with the insurer (see Hinchey v Sellers, 7
NY2d 287 [1959]). Moreover, privity is established where a subrogee and its subrogor are
interested in obtaining an award on the claim asserted (see Matter of G.E.I.C.O. Gen. Ins. Co.
v Canal Ins. Co., 189 Misc 2d 467 [Civ Ct, Queens County 2001]).

Here, the arbitration award found that GEICO, as subrogee of defendants herein, had no
obligation to pay MetLife, as subrogee of plaintiff, the amount MetLife paid to repair plaintiff's
vehicle, plus plaintiff's deductible, because plaintiff was solely liable for the accident. As
MetLife was acting on behalf of its insured, such that the interests of plaintiff were represented at
the arbitration, the doctrine of res judicata precludes the reconsideration of plaintiff's current
claim for his deductible that was actually litigated and resolved against him in the
arbitration.

Plaintiff's remaining contentions are without merit.

Accordingly, the order is affirmed.

RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 16, 2021

Footnotes

Footnote 1: Plaintiff was reimbursed $50
towards the deductible as a "safe driver discount" so he is seeking $450, representing his
deductible.